NEWBURGH LIGHT, HEAT & POWER CO. v. TRAVELERS' INS. CO.

(Supreme Court, Appellate Division, Second Department.    October 12, 1909.)

Appeal from Trial Term, Orange County.

Action by the Newburgh Light, Heat & Power Company against the Travelers' Insurance Company. From a judgment for plaintiff, and orders denying a new trial and granting plaintiff's motions for an extra allowance, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

William L. O'Brion, for appellant.

Arthur F. Gotthold (John L. Wilkie, on the brief), for respondent.

PER CURIAM.    Judgment and orders affirmed, with costs.

BURR, J. (dissenting). The defendant issued to the plaintiff an accident insurance policy. During the life of the policy, and on the 9th day of January, 1908, William Estabrook brought an action for damages for bodily injuries alleged to have been accidentally suffered by him during and by reason of the business operations of the plaintiff. The defendant refused to defend the suit, except upon terms and conditions which the plaintiff declined to accept. The plaintiff thereupon assumed the defense of the action, and incurred expenses in so doing which have been found to be of the reasonable value of $854.34. The plaintiff, claiming that the defendant was bound by its contract to defend the Estabrook action, now sues to recover its damages for the alleged breach. The contract of insurance contains, among others, the following provisions:

"If thereafter any suit, even if groundless, is brought against the assured to recover damages on account of such injuries as are covered by this policy, the assured shall immediately forward to the company every summons or other process served upon him, whereupon the company will, at its own cost, defend against such suit in the name and on behalf of the assured."

The word "thereafter," in the clause just quoted, relates to a preceding clause of the policy, which is as follows:

"The assured, upon the occurrence of an accident, shall give immediate written notice thereof to the company, or to its duly authorized agent, with the fullest information obtainable. He shall give like notice, with full particulars of any claim made on account of such accident."

It will be observed that two obligations are imposed upon the assured, which are separate and distinct. The fulfillment of these obligations is a condition precedent to the right of the assured to make any claim upon the company for a breach of that clause of the contract first above quoted. Underwood Veneer Co. v. London G. & A. Co., 100 Wis. 378, 75 N. W. 996; Travelers' Insurance Co. v. Myers, 62 Ohio St. 529, 57 N. E. 458, 49 L. R. A. 760. It is not denied that the first formal claim made by Estabrook upon the plaintiff was when he caused the summons and complaint in his action to be served. It is not denied that the plaintiff did give immediate written notice of such

118 N.Y.S.—55

claim to the defendant. Although this condition precedent may have been fulfilled, the defendant denies that there was any compliance with the other condition above referred to. As bearing upon this question it is important to determine what is the fair and reasonable meaning of the contract in respect to "notice of an accident."

Strictly construed, the assured would be bound to give notice immediately after an accident, whether it knew of the accident or not. This, of course, would be a wholly unreasonable construction, and must be rejected. Woolverton v. Fidelity & Casualty Co., 190 N. Y. 41, 82 N. E. 745, 16 L. R. A. (N. S.) 400. Strictly construed, the assured might be bound to give notice of any accident of which it had knowledge, whether it related to the business operations of the company or not. This would be equally unreasonable, and must also be rejected. The manifest purpose of the clause in question is to protect the insurer. In insurance of this character it is a matter of the first importance to the insurer, who may be forced to become the real defendant in a lawsuit against the assured, to be speedily informed of the facts concerning a possible litigation, with the names of the witnesses thereof. In a very little time the facts may in a great measure fade out of memory or become distorted. Witnesses may go beyond reach. Physical conditions may change, and, more dangerous than all, fraud and cupidity may have had opportunity to perfect their work. Travelers' Insurance Co. v. Myers, supra. If, therefore, the assured had notice of the happening of an accident and of circumstances in connection therewith which were sufficient to put a reasonable man upon inquiry as to whether it was so related to the business operations of the assured that a claim might be made by the injured person that it was liable therefor, it was then its duty to give notice to the company of the fact of the accident and the fullest information obtainable respecting the same. It is of no importance that the claim might be a groundless one. The contract by its express language referred equally to groundless as to well founded claims. It is of no importance that no injurious consequences were apparent at the time of the accident, and that its results did not develop until some time thereafter. Northwestern T. E. Co. v. Maryland Casualty Co., 86 Minn. 467, 90 N. W. 1110.

From the evidence in this case the jury might have found the following facts, namely: That William Estabrook was engaged in trimming trees in the city of Newburgh on the 12th day of August, 1907, and that while so engaged he fell; that he claimed that he sustained serious injuries; that wires of the plaintiff company carrying electric current were strung through the branches of the tree where he was at work; and that it was rumored that he touched a live wire and received a shock. All of these facts were communicated on the very day that the accident occurred, both to the superintendent of construction of the plaintiff company, whose duty it was to report accidents to the company, and also to the superintendent of its electrical department, whose duty it was to receive reports of accidents in connection with the operations of the company. Notice of these men was notice to the company. Woolverton v. Fidelity & Casualty Co., supra. It also appeared that, immediately upon receiving the information above referred to, the officers of the company deemed it of sufficient importance and to

so vitally affect them that they caused a prompt investigation to be made of the facts and circumstances of the accident to Estabrook. In the face of such evidence it was error for the court to hold as matter of law that the company had not received notice of an accident, which under the terms of its policy it was bound to communicate to the insurer, and to direct a verdict accordingly. The most that the plaintiff could claim was that it was a question of fact for the jury. Ward v. Casualty Co., 71 N. H. 262, 51 Atl. 900, 93 Am. St. Rep. 514; Smith & Dove Manufacturing Co. v. Travelers' Ins. Co., 171 Mass. 357, 50 N. E. 516.

It did not relieve the assured of its obligation that the inquiry which it procured to be made led it to believe that no liability existed therefor, nor does the fact that in the suit of Estabrook his complaint was dismissed. It is of the very essence of the contract that the insurer shall be permitted to conduct its own investigation, interview the witnesses, take their statements through its own agents, reach its own conclusion as to the liability of the assured, and act accordingly. This clearly appears from the following language of the contract:

"The assured shall not voluntarily assume any liability or settle any claim except at his own cost, nor incur any expense, nor interfere in any negotiation for settlement or legal proceeding, without the consent of the company previously given in writing."

If the plaintiff company had been held liable in the Estabrook suit, it would have been without remedy against the insurer for failure to give notice of the accident. Travelers' Ins. Co. v. Myers, supra. The condition of the policy as to notice of an accident is the same, whether the assured decided correctly or incorrectly as to its liability, and whether a suit brought claiming such liability was groundless or otherwise.

The judgment and orders appealed from must be reversed, and a new trial granted, costs to abide the event.

MILLER, J., concurs.