HAUSER v. NORTH BRITISH & MERCANTILE INS. CO.

(Supreme Court, Appellate Division, First Department.    July 11, 1912.)

1. INSURANCE (§ 4*)—REGULATION—BROKERS—STATUTORY PROVISIONS.

The business of fire, accident, and life insurance so involve the public welfare as to justify its regulation by the Legislature; and Insurance Law (Consol. Laws 1909, c. 28) § 50, as amended, by Laws 1912, c. 1, requiring an insurance broker to obtain a license to do business, so as to confine the business to those who complied with the Insurance Law and to prevent the practice of rebating on penalty of revocation of the license, in so far as the general purpose of the act is concerned, is a valid exercise of legislative power.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 4; Dec. Dig. § 4.*]

2. CONSTITUTIONAL LAW (§ 88*)—REGULATION OF INSURANCE BROKERS—UNREASONABLE AND ARBITRARY REQUIREMENTS.

Insurance Law (Consol. Laws 1909, c. 28) § 50, as amended by Laws 1912, c. 1, which provides that every insurance agent shall procure a certificate of authority from the superintendent of insurance, that no underwriter shall employ or pay commission to any agent unless he holds such certificate, that the certificate may be revoked for violation of any provision of the Insurance Law, and which fixes the license fees, in so far as it provides that before any such certificate shall be issued the applicant must set forth that he is engaged or intends to engage principally in the insurance business, or such business in connection with a real estate business, that he is not a salaried employé of any person or corporation on whose property or risks he receives or expects to receive application for insurance, and does not make the application to secure commissions on insurance written on his own property, is an arbitrary and unreasonable interference with the right of the citizen to pursue any lawful calling or business, and hence not a valid exercise of the police power.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 164, 165; Dec. Dig. § 88.*]

3. STATUTES (§ 64*)—VALIDITY—EFFECT OF PARTIAL INVALIDITY.

Insurance Law (Consol. Laws 1909, c. 28) § 50, as amended by Laws 1912, c. 1, so as to require every insurance agent to procure a certificate of authority from the superintendent of insurance, revocable upon violation of any provision of the Insurance Law, and to require an applicant for such certificate to set forth his name and address, whether any certificate has been before issued to him, the business in which he has been engaged for the year next preceding his application, upon being held invalid as to the additional requirement that he set forth that he is engaged or intends to engage principally in the insurance business, or such business in connection with a real estate business, that he is not a salaried employé of any one on whose property he receives or expects to receive applications for insurance, and does not make application to secure commissions written on his own property, renders the whole enactment invalid, since the invalid provision is in effect the only condition imposed and is a necessary part of the scheme requiring a certificate.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 58–66, 195; Dec. Dig. § 64.*]

McLaughlin, J., dissenting.

Action by William Hauser against the North British & Mercantile Insurance Company.    Submission of controversy on agreed statement of facts.    Judgment for plaintiff according to terms of submission.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

William Hauser, of New York City, for plaintiff.

W. H. Van Benschoten, of New York City, for defendant.

Alfred J. Talley, of New York City, for Superintendent of Insurance.

Almet R. Latson, of New York City, for Insurance Brokers' Ass'n of New York.

MILLER, J. The plaintiff, as broker, placed insurance with the defendant for other persons, and the question involved is whether he is entitled to his commissions in view of the fact that his application under section 50 of the Insurance Law (Consol. Laws 1909, c. 28), as amended by chapter 1 of the Laws of 1912, to the superintendent of insurance for a certificate of authority to act as broker, had been denied on the ground that he did not set forth in his application that he was engaged or intended to engage in good faith principally in insurance brokerage business, or that he intended to conduct such business in connection with a real estate agency or a real estate brokerage business. The question involved is whether the statute is a valid exercise of the police power, as it is plainly an interference with the liberty of the citizen to follow a lawful pursuit.

The statute, in brief, provides that no agent shall act for an underwriter who has not complied with the provisions of the Insurance Law; that every agent shall procure a certificate of authority from the superintendent of insurance; that no underwriter shall employ or pay a commission to any agent, unless he shall have first procured such certificate of authority; that such a certificate may be revoked by the superintendent of insurance for violation of any provision of the Insurance Law; that no agent whose certificate has been revoked shall be entitled to another for a period of one year after such revocation; and that a license fee of $10 where the applicant's principal place of business is in a city of the first or second class, and of $2 where his principal place of business is not in a city of the first or second class, shall be paid by the applicant. The statute then provides:

"Before any broker's certificate of authority shall be issued by the superintendent of insurance there must be filed in his office a written application for such certificate which must set forth (a) the name and address of the applicant, and if the applicant be a partnership, the names and addresses of each member thereof, and if a corporation, the names and addresses of each of its officers; (b) whether any certificate of authority as agent or broker has been issued theretofore by the superintendent of insurance to the applicant, and, if the applicant is an individual, whether any such certificate has been issued theretofore to any partnership of which he was or is a member, or to any corporation of which he was or is an officer, and, if the applicant is a partnership, whether such certificate has been issued theretofore to any member thereof, and, if the applicant is a corporation, whether such certificate has been issued theretofore to any person who at the time application is made is an officer of such corporation; (c) the business in which the applicant has been engaged for the year next preceding the date of the application, and, if employed by another, the name or names of each employer or employers; (d) that the applicant is engaged or intends to engage, in good faith, principally in the insurance business or that he conducts or intends to conduct such

business in connection with a real estate agency or real estate brokerage business, and is not a salaried employé of any person, partnership, association or corporation on whose property or risks he receives or expects to receive application for insurance, and does not make the application for a certificate of authority for the sole purpose of securing commissions on insurance written on his own property or risks. Such application must be signed and verified by the applicant, and, if made by a partnership, by each member thereof, and if by a corporation, by any proper officer thereof."

[1] We think that the business of insurance, fire, accident, and liability as well as life, so involves the public welfare as to justify its regulation by the Legislature, and that the right to regulate the business necessarily involves the right to regulate not only the companies themselves, but the persons through whom the business of insurance is transacted. The requirement of a license or certificate of authority to do business is one of the most efficient means of securing the proper regulation. It seems to us that the primary purpose of the statute was to confine the business to those who complied with the provisions of the Insurance Law. It is suggested that one of the principal reasons for requiring a license was to prevent the practice of rebating, and no doubt that was the purpose of the provision for revocation of a license. We think therefore that, in so far as the general purpose of the act is concerned, it is a valid exercise of legislative power. People ex rel. Schwab v. Grant, 126 N. Y. 473, 27 N. E. 964; People v. Formosa, 131 N. Y. 478, 30 N. E. 492, 27 Am. St. Rep. 612; People ex rel. Armstrong v. Warden of City Prison, 183 N. Y. 223, 76 N. E. 11, 2 L. R. A. (N. S.) 859, 5 Ann. Cas. 325.

[2] The requirement, however, that the applicant shall state in the application that he "is engaged or intends to engage, in good faith, principally in the insurance business or that he conducts or intends to conduct such business in connection with a real estate agency or real estate brokerage business," presents a different question. The power to regulate a business to promote the public welfare does not include the right arbitrarily to interfere with or to impose unreasonable and oppressive requirements upon the conduct of such business. Fisher Co. v. Woods, 187 N. Y. 90, 79 N. E. 836, 12 L. R. A. (N. S.) 707. It is suggested that the provision in question was intended to prevent a person from obtaining a certificate for the purpose of indirectly securing a rebate in the guise of commissions on insurance on his own property. Doubtless, said provision would accomplish that purpose; but is it reasonably adapted to that end? The requirement that he must state that he "is not a salaried employé of any person, partnership, association or corporation on whose property or risks he receives or expects to receive application for insurance, and does not make the application for a certificate of authority for the sole purpose of securing commissions on insurance written on his own property or risks," would seem to be more appropriately directed to accomplish the purpose, and a more direct and simple method still would be to provide that no broker or agent should receive commissions on insurance on his property or on the property of any person, partnership, association, or corporation of which he was a member or employé. Prohibiting an insurance agent from engaging in other business merely

for the purpose of insuring against his getting rebates under the guise of commissions on insurance on his own property appears to us altogether too far-fetched and unreasonable to be justified. Such a prohibition is an arbitrary and unreasonable interference with the right of the citizen to pursue any lawful calling or business.

It is next suggested that the business of insurance has become so complicated that an insurance agent will not be competent to transact a brokerage business unless he specializes and gives his whole attention to it. Of course, that claim has no support in reason, and the act was not passed for any such purpose. We have been unable to discover any theory to support the provision in question, and, as none has been suggested which commends itself to our reason, we are forced to conclude that the provision is invalid. As was suggested in the case of People v. Ringe, 197 N. Y. 143, 90 N. E. 451, 27 L. R. A. (N. S.) 528, 18 Ann. Cas. 474, which involved a somewhat similar question, we cannot refrain from the thought that the particular provision in question was conceived and formulated in the interests of those engaged in the insurance brokerage business, either alone or in connection with a real estate brokerage business, and that the promotion of the public welfare was so remote that it was not considered at all.

[3] The question then arises whether the invalid provision may be rejected, and the rest of the act saved. We would have no difficulty on that head, if, instead of requiring the statement in the application for a certificate, the provision had simply been that a person obtaining such a certificate should make that his principal business. In that case, the invalid provision could be stricken from the act. But the requirement that the statement shall be made in the application necessarily implies that the superintendent of insurance shall not issue a certificate except upon an application containing the said statements. The act then provides in effect that a license must be obtained, and that the superintendent shall not issue it except upon a statement that the applicant is engaged or intends to engage principally in the insurance business or in that business in connection with a real estate brokerage business. As that restriction is thus imposed upon the issuance of a certificate, it seems to us to be a necessary part of the scheme requiring a certificate at all. For how are we able to say whether the Legislature would have required a license without imposing that condition upon its issuance? Indeed, subdivision "d" is the only condition imposed; the other statements required in the application being merely descriptive of the applicant. While it is suggested that the superintendent of insurance should have ignored the invalid provision, and that he might be compelled by mandamus to issue a certificate to the plaintiff, that argument loses sight of the fact that the Legislature authorized him to issue a certificate only upon an application containing the said statement. It would hardly do to say that an administrative officer, acting upon the authority of the Legislature, should ignore the only condition imposed upon his action on the theory that the Legislature had no power to impose the condition, although but for it the authority itself might not have been conferred.

The plaintiff should have judgment, without costs, according to the terms of the stipulation.

INGRAHAM, P. J., and SCOTT, J., concur.  DOWLING, J., concurs in result.

McLAUGHLIN, J. (dissenting).  I am of the opinion that so much of the statute under consideration (section 50 of the Insurance Law) as requires a person to have a license from the state superintendent of insurance in order to lawfully engage in the insurance brokerage business is valid and should be sustained.

So far as the plaintiff's claim against the defendant is concerned, the only pertinent inquiry is whether he has obtained a license as required by the statute.  The submission shows that he has not, and therefore he is not entitled to recover.  Whether the superintendent of insurance rightfully or wrongfully refused to issue a license to him is a question which ought not here to be considered, in view of the fact that the superintendent of insurance is not a party.  Had he issued a license under the statute, its validity could not be attacked in an action brought by plaintiff to recover his commissions, and for the same reason I do not see how, in a similar action, his act in refusing a license can be inquired into.

I therefore dissent from the prevailing opinion and think the defendant should have judgment under the stipulation, without costs.