### PRESS PUB. CO. v. GENERAL ACCIDENT, FIRE & LIFE ASSUR. CORPORATION.

(Supreme Court, Appellate Division, First Department. February 6, 1914.)

1. INSURANCE (§ 539*)—LIABILITY INSURANCE—NOTICE TO INSURER—TIME FOR GIVING.

A policy, insuring plaintiff against liability for damage caused by the operation of certain automobiles, required plaintiff, upon the occurrence of an accident, to give immediate written notice thereof, and if thereafter any suit was brought against plaintiff to recover damages on account of injuries or damages covered by the policy, to immediately forward every summons or other process to the insurer, who agreed to defend the suit in behalf of plaintiff. One of the automobiles collided with a wagon and injured the driver, and plaintiff's employé, in reporting the accident to it, stated the name of the injured person as "Pat Duffy." Notice of the injury was promptly given the insurer. Thereafter a summons and complaint in an action by "Patrick Duffy" were served, which fixed the time of the accident on account of which the suit was brought as four days before the policy went into effect. On the trial, over two years after the commencement of the action, plaintiff moved to amend so as to allege the date of the accident as within the period covered by the policy. The insurer was promptly notified of the motion to amend and of all the facts connected with the action, but it declined to defend because of the failure to immediately forward the summons and complaint upon the service thereof. *Held*, that the insurer was not relieved of liability because of such delay, since it was not until the amendment that any claim was made for damages covered by the policy, and had the summons and complaint been forwarded to the insurer, it would doubtless have returned them on the ground that the damages sought to be recovered were not covered by its policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1328–1336; Dec. Dig. § 539.*]

2. INSURANCE (§ 146*)—CONSTRUCTION OF POLICY—CONSTRUING AGAINST INSURED.

The law does not look with favor upon forfeitures in insurance policies, and refuses to give that effect to them unless a case is brought squarely within their provisions.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 292, 294–298; Dec. Dig. § 146.*]

Appeal from Trial Term, New York County.

Action by the Press Publishing Company against the General Accident, Fire & Life Assurance Corporation. From a judgment dismissing the complaint at the close of the evidence, plaintiff appeals Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Howard Taylor, of New York City, for appellant.
Alfred M. Bailey, of New York City, for respondent.

McLAUGHLIN, J. [1] The defendant issued a policy of liability insurance to the plaintiff, insuring it from April 16, 1908, to April 16, 1909, against liability for damage caused by the operation of certain designated automobiles. One of the clauses of the policy provided that:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"The assured upon the occurrence of an accident shall give immediate written notice thereof, with the fullest information obtainable at the time, to the corporation's head office at Philadelphia, Pa. If a claim is made on account of such accident, the assured shall give like notice thereof. If thereafter any suit, even if groundless, is brought against the assured to recover damages on account of such injuries or damages as are covered by this policy, the assured shall immediately forward to the corporation every summons or other process served on him, and the corporation will, at its own cost, defend against such suit in the name and on behalf of the assured. The corporation reserves the right to settle any claim or suit. * * * "

On the 12th of May, 1908, one of the plaintiff's automobiles specified in the policy, driven by one of its employés, collided with a wagon and team of horses with such force that the driver of the team was thrown to the ground and injured. The chauffeur at once reported the accident to plaintiff, stating that the injured person was "Pat" Duffy, and plaintiff immediately gave notice to the same effect to the defendant, in accordance with the terms of the policy. Nothing further was heard of the accident for several months, when the truck driver brought an action against the plaintiff, under the name of Patrick Duffy, to recover damages for injuries sustained by him, and alleged in the complaint that the accident occurred on or about April 12, 1908— four days before defendant's policy went into effect. Plaintiff did not, when the summons and complaint were served upon it, send the same to the defendant, or give notice of the presentation of the claim, or the service of such papers, but sent the same to the Travelers' Insurance Company, which had issued a policy of liability to the plaintiff covering the time when Duffy alleged he was injured, and it undertook the defense of the action. The Duffy action came on for trial the last of April or first of May, 1911. After the trial had been commenced, counsel for Duffy moved to amend the complaint by changing the date of the accident from April 12th to May 12th. Counsel for the Travelers' Insurance Company claimed surprise, and the court permitted a juror to be withdrawn and the cause returned to the general calendar for the purpose of permitting Duffy to apply at Special Term for leave to amend his complaint. Immediately upon this disposition of the action being made, plaintiff notified defendant by letter of the situation and of all the facts connected with the Duffy action, and asked it to take charge of the defense. Inclosed with the letter was the notice of motion for leave to amend, also a substitution of attorneys in blank for defendant. When the motion came on to be heard, defendant did not appear. The amendment was granted, and the trial postponed several weeks, and this defendant was given notice of all that had been done. It acknowledged receipt of the notice, but declined to undertake the defense on the ground that plaintiff had failed to comply with the terms of the policy in not immediately forwarding the summons and complaint when the same were served, but instead had retained them for upwards of two years. Plaintiff thereupon defended the action. Duffy had a recovery, and the same was paid by this plaintiff. It then brought this action to recover the amount paid and the expenses incident to the defense. The complaint was dismissed at the close of plaintiff's case, and it appeals.

The judgment appealed from is sought to be sustained upon the ground that the plaintiff violated the condition of the policy in that it did not, immediately upon the summons and complaint in the Duffy action being served upon it, forward the same to the defendant. It is not claimed but what the plaintiff in every other respect performed the conditions imposed upon it by the policy. The defendant was given notice of the accident. There was nothing further for the plaintiff to do until a claim was made by Duffy or an action commenced. He never made a claim until he commenced the action under the name of Patrick Duffy to recover for injuries alleged to have been sustained on the 12th of April, 1908—four days before defendant's policy went into effect. The clause in the policy required that the summons and complaint be forwarded to defendant only in case action were brought to recover such "damages as are covered by this policy." Here, upon the face of the complaint, the damages sought to be recovered were sustained before the policy went into effect. They were therefore, if the complaint were true, not covered by the policy. Plaintiff, so far as defendant was concerned, had a right to assume that Duffy was injured at the time stated in his complaint. There was no obligation resting upon it to make an independent investigation for the purpose of ascertaining whether the plaintiff in that action were the Duffy so injured on the 12th of May, or whether the complaint correctly stated the date of the injury. Had such an investigation been made, it is quite obvious it would have served no useful purpose because if the summons and complaint had been immediately forwarded to defendant, it would have been justified in returning the same, and doubtless would have done so and declined to defend the action, on the ground that the damages sought to be recovered were not covered by its policy. Plaintiff was not bound to give this defendant notice of the commencement or pendency of the Duffy action until a claim was presented, or it had knowledge that that action was brought to recover damages covered by defendant's policy. The first time such claim was made was at the trial, when application was made to amend the complaint by alleging that the accident occurred on May 12th, and not on April 12th. Then this plaintiff was bound to act, and it did by immediately giving the defendant notice of the pendency of the Duffy action and all the facts in connection therewith, including the application to amend. It did all it was required to do, and even more, because after the amendment it was informed of that fact, and of the time when the action would be brought to trial. Having this information, the defendant was obligated to undertake the defense, and for its failure it became liable for breach of contract.

[2] The purpose of the policy was to indemnify the plaintiff, and to that end it should receive a reasonable construction. The one put upon it by the trial court, as it seems to me, is narrow and unreasonable. The law does not look with favor upon forfeitures in insurance policies, and refuses to give that effect to them, unless a case is brought squarely within the provisions. American Surety Co. v. Pauly, 170 U. S. 133, 18 Sup. Ct. 552, 42 L. Ed. 977; McNally v. Phœnix Insurance Co., 137 N. Y. 389, 33 N. E. 475; Newburgh Light, Heat & Power Co. v. Travelers' Ins. Co., 134 App. Div. 913, 118 N. Y. Supp.

865, affirmed 201 N. Y. 581, 95 N. E. 1134; Frank Parmelee Co. v. Ætna Life Ins. Co., 166 Fed. 741, 92 C. C. A. 403.

Whiteside v. North American Accident Ins. Co., 200 N. Y. 320, 93 N. E. 948, 35 L. R. A. (N. S.) 696, upon which respondent principally relies, is easily distinguishable. There the policy contained a provision that the insured or his representatives should give written notice of the time, place, and nature of injury, or date of commencement of sickness, by mail within 10 days thereof; otherwise a recovery could not be had. In an action to recover the sum stipulated to be paid weekly in case of sickness the complaint alleged that during the early part of the sickness plaintiff was delirious and unable to remember that he had the policy of insurance, but after the time stipulated in the policy he did give notice of such sickness. It was held that the complaint did not state a cause of action, since it appeared that the notice was not given within the stipulated time. The notice in that case was not given by reason of the mental infirmity of the insured, and it was held this did not excuse the giving of the notice, since he had agreed absolutely to give it, and could have provided against such a contingency.

In the case now before us the plaintiff was not required, by the terms of the policy, as we have seen, to forward to the defendant "the summons or other process served" upon it unless the damages sought to be recovered were "covered by this policy." It was not until the amendment of the Duffy complaint that a claim was made for damages covered by defendant's policy. The plaintiff then immediately gave the requisite notice, and forwarded the necessary papers to put this defendant in complete control of the defense of that action.

My conclusion, therefore, is that the complaint was improperly dismissed, and the judgment appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event. All concur.