similar that the proof had no tendency to establish a common intent. In short, the occurrence two weeks before the commission of the alleged assault was entirely independent of and disconnected with the crime alleged in the indictment, and was not admissible to explain the motive or intent with which the assault was committed. People v. Flanigan, 42 App. Div. 318, 59 N. Y. Supp. 101; People v. Romano, 84 App. Div. 318–320, 82 N. Y. Supp. 749.

There are undoubtedly cases in which evidence of independent happenings is competent to support an indictment for a particular offense (People v. Molineux, 168 N. Y. 264, 61 N. E. 286, 62 L. R. A. 193); but they are exceptions to the general rule, which is that it is error to receive in evidence, as proof of the offense charged, a happening or offense other than that charged in the indictment and unrelated thereto. "Evidence which tends only to prove collateral facts, and has not a natural tendency to establish the fact in controversy, should be excluded because (a) it would have a tendency to withdraw and mislead the attention and deliberation of the jury from the real issue under inquiry, and (b) would subject the accused to charges unconnected with that issue and against which he had no reason to prepare a defense." People v. Thompson, 212 N. Y. 249–251, 106 N. E. 78. In our opinion, the evidence to which we have referred falls directly within the condemnation of the case from which we have quoted, and its admission constituted reversible error.

The judgment appealed from must be reversed, and a new trial granted.

INGRAHAM, P. J., and DOWLING and HOTCHKISS, JJ., concur.

CLARKE, J. The vice of the evidence of the previous visit of the defendant to the complainant's shop, as it strikes me, is that it was testified to that he had injured a quantity of material in the shop by pouring ink over it. This act of vandalism was likely to prejudicially affect the jury. For this reason I concur in the reversal.

---

STERN v. METROPOLITAN LIFE INS. CO. (No. 7614.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

1. CONSTITUTIONAL LAW ⬤⟞62—INSURANCE ⬤⟞4—INSURANCE AGENT—LICENSE—DISCRETION OF SUPERINTENDENT OF INSURANCE—VALIDITY OF STATUTE.

Insurance Law (Consol. Laws, c. 28) § 91, prohibiting the payment of any commission to an insurance agent having no certificate of authority, and providing that such certificate shall be issued by the superintendent of insurance only upon a written application on a form approved by the superintendent of insurance, and that the superintendent "shall have the right to refuse to issue or renew any such certificate in his discretion," is not unconstitutional, as vesting in the superintendent an unrestricted discretion to grant or withhold a license.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 94–102; Dec. Dig. ⬤⟞62; Insurance, Cent. Dig. § 4; Dec. Dig. ⬤⟞4.]

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. CONSTITUTIONAL LAW &240—IMPOSITION OF RESTRICTIONS—EQUALITY OF OPERATION.

While the right of every person to pursue any lawful business is subject to the paramount right of the state to impose such restrictions as the protection of the public may require, this power must be exercised in conformity with the constitutional requirement that the restrictions imposed shall operate equally on all persons pursuing or seeking to pursue such business under the same circumstances.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 688–692, 693, 697–699; Dec. Dig. &240.]

3. CONSTITUTIONAL LAW &48—STATUTES—CONSTRUCTION IN FAVOR OF VALIDITY.

Where a statute is susceptible of two constructions, by one of which it would be unconstitutional and the other not, the latter construction should be adopted.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 46; Dec. Dig. &48.]

Appeal from Special Term, New York County.

Action by Solomon Stern against the Metropolitan Life Insurance Company. From an order sustaining a demurrer to an affirmative defense in the answer (90 Misc. Rep. 129, 154 N. Y. Supp. 283), defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

M. Angelo Elias, of New York City, for appellant.
Leonard Klein, of New York City, for respondent.

HOTCHKISS, J.  [1] Plaintiff sues to recover commissions alleged to have been earned by him in placing insurance with the defendant company. The defense demurred to alleges that the plaintiff had no license to act as agent, as prescribed by section 91 of the Insurance Law. This section provides that no life insurance company doing business in this state shall pay to any person any commission for services in obtaining new insurance, unless such person has procured a certificate of authority to act as agent of such company as in the section provided, and that no person shall act as agent or receive any commission for services in obtaining new insurance for such life insurance company without procuring such a certificate. The section further provides in part as follows:

"Such certificate shall be issued by the superintendent of insurance only upon the written application of persons desiring such authority, such application to be approved and countersigned by the company such person desires to represent, and shall be upon a form approved by the superintendent of insurance, giving him such information as he may require. The superintendent of insurance shall have the right to refuse to issue or renew any such certificate in his discretion."

The section was held unconstitutional by the court below on the ground that it vests in the superintendent an unrestricted discretion to grant or withhold a license at his pleasure, unregulated by any common standards of qualification or conditions whatsoever, and thus vests arbitrary power in the superintendent to prevent any person from pursuing a lawful calling.

&For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] The right of every person to pursue any lawful business or calling is, of course, subject to the paramount right of the state to impose such restrictions and regulations as the protection of the public may require. People v. Warden of City Prison, 183 N. Y. 223, 76 N. E. 11, 2 L. R. A. (N. S.) 859, 5 Ann. Cas. 325. This power must be exercised, however, in conformity with the constitutional requirement that the restrictions imposed must operate equally upon all persons pursuing, or seeking to pursue, such calling or occupation, under the same circumstances. In Hauser v. North British & Mercantile Ins. Co., 152 App. Div. 91, 136 N. Y. Supp. 1015, affirmed 206 N. Y. 455, 100 N. E. 52, 42 L. R. A. (N. S.) 1139, Ann. Cas. 1914B, 263, it was held that the Legislature has the right to regulate the business of soliciting fire insurance and to require that those seeking to engage therein shall first secure a license from the state authorities, although it was held in the same case that the section of the statute then under consideration was void, in that it undertook to limit the right to engage in the business of fire insurance agent or broker to such persons as intended to carry on such business as their principal occupation or in connection with a real estate business. It is not contended that the business of soliciting life insurance is, inherently, to be distinguished from that of soliciting fire insurance, and the two businesses were classed together by Mr. Justice Miller, who wrote for this court in the Hauser Case, 152 App. Div. 93, 136 N. Y. Supp. 1015.

[3] I think the vice of the respondent's position lies in the assumption that the statute is not susceptible of any construction save one which would make it unconstitutional. It is well settled that if a statute is susceptible of two constructions, by one of which it would be unconstitutional and by the other valid, the latter construction should be adopted rather than the former. People ex rel. Nechamcus v. Warden, etc., 144 N. Y. 529, 39 N. E. 686, 27 L. R. A. 718; People ex rel. Lieberman v. Van De Carr, 199. U. S. 552, 26 Sup. Ct. 144, 50 L. Ed. 305. We may not presume, therefore, in the absence of language indicating a contrary intent, that the Legislature intended to grant to the superintendent of insurance unrestricted power or unregulated discretion, or that in refusing a certificate he will act arbitrarily or oppressively.

I think the principles announced in many cases, but nowhere more decisively than in People, etc., v. Van De Carr, supra, are controlling. That case involved section 56 of the Sanitary Code of the City of New York, which provided that:

"No milk shall be received, held, kept, offered for sale or * * * delivered in the city of New York without a permit in writing * * * from the board of health and subject to the conditions thereof."

The section was attacked on substantially the same grounds as are urged to defeat the section of the Insurance Law now under consideration. The decision of this court (81 App. Div. 128, 80 N. Y. Supp. 1108) holding the act to be constitutional was affirmed by the Court of Appeals (175 N. Y. 440, 67 N. E. 913), and by the Supreme Court of the United States, where the opinion of Mr. Justice Day

cited with approval a portion of the opinion of this court, the gist of which was that in cases where the state has the power to regulate a business or occupation it may confer discretionary power upon administrative boards to grant or to withhold permission to carry on such business or occupation, and that there is no presumption that a power so granted will be arbitrarily or improperly exercised. See, also, Vil. of Saratoga Springs v. Saratoga G., etc., Co., 191 N. Y. 123, 83 N. E. 693, 18 L. R. A. (N. S.) 713. In case it should be, the law will afford relief to the injured person. People ex rel. Lodes v. Dept. of Health, 189 N. Y. 187, 82 N. E. 187, 13 L. R. A. (N. S.) 894. Furthermore, the express terms of the section in question leave no basis for the claim that the superintendent is given arbitrary or capricious power, or that he should not act under regulations and conditions applicable to all alike. The language used is:

"Such certificate shall be issued by the superintendent of insurance only upon the written application of persons desiring such authority, such application being approved and countersigned by the company, * * * and shall be upon a form approved by the superintendent of insurance, giving such information as he may require."

Then follows the clause:

"The superintendent * * * shall have the right to refuse to issue or renew any such certificate in his discretion."

The requirement that the applicant shall have first secured the approval of the company he seeks to represent is manifestly proper and is one step toward the adoption of a uniform system. The further. provision that the application shall be "upon a form" approved by the superintendent, which form shall give him "such information as he may require," clearly contemplates the adoption of a common standard for all applicants, but retaining in the superintendent, according to the provision last quoted, authority to determine whether the applicant conforms thereto.

The order sustaining the demurrer should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave to plaintiff to withdraw demurrer on payment of costs in this court and in the court below. Order filed. All concur.