E. W. EDWARDS & SON, Plaintiff, *v.* THE PACIFIC COAST
CASUALTY COMPANY, Defendant.

(Supreme Court, Monroe County, December, 1916.)

Insurance (indemnity)— provisions of policy of — agency — actions —
statutes — Insurance Law, § 50.

A provision of a policy of indemnity making notice to the insured of accidents, claims and suits a condition precedent to liability is sufficiently complied with by notification and delivery of the papers in the matter to the insurer's agent.

On May 27, 1911, defendant, as required by section 50 of the Insurance Law, gave its agent, a practicing lawyer, a formal certificate of his agency good for one year. While said certificate was in force a statute (Laws of 1911, chap. 748, in effect January 1, 1912), which forbade the issuance of such certificate to any person whose principal business was not insurance, was declared unconstitutional, and though the certificate of the agent was not renewed he continued to act for defendant in that capacity in doing business with plaintiff who, without knowledge of the expiration of the certificate, ratified said plaintiff's acts. *Held,* that in view of its past dealings with defendant through said agent plaintiff was justified in assuming that he was still defendant's agent and authorized to receive notice of his suit for personal injuries covered by the policy of indemnity issued to plaintiff by defendant and that defendant was estopped from denying the authority conferred upon said agent.

MOTION to dismiss complaint.

McInerney & Bechtold, for plaintiff.

John J. Herman and Aden W. Crosby, for defendant.

SAWYER, J. On the 30th day of October, 1910, defendant by a so-called casualty policy agreed to indemnify plaintiff against loss or expense arising from claims upon it for damage on account of injuries or accidents suffered, or alleged to have been suffered, during a period of three years from that date by any person while within plaintiff's store premises, or upon the sidewalk, or other ways immediately adjacent thereto. The policy in question contains, among others, the following condition:

" B. Upon the occurrence of an accident the Assured shall give to the Company, or to its duly authorized agent, immediate written notice thereof, with the fullest and most accurate information obtain-

able; and the Company, at its own expense, will make such investigation as it may deem necessary.

"If a claim is made on account of an accident, the Assured shall give like notice thereof; and the Company, at its own expense, will settle or contest the same.

"B. Upon the occurrence of an accident the Assured shall forward immediately to the Company, or to its duly authorized agent, every process and paper served on him. The Company, at its own expense, will settle or defend said suit whether groundless or not; the moneys expended in said defense shall not be included in the limits of the liability fixed under this policy. The Assured shall not assume any liability, nor interfere with any negotiation for settlement or any legal proceeding, nor incur any expense nor settle any claim except at its own cost, without the written consent of the Company."

Subsequently defendant reinsured its liability under the policy with the General Accident Fire and Liability Assurance Corporation, Limited, of Perth, Scotland, and notified plaintiff to report all accidents occurring after January 16, 1912, to that company and not to defendant.

It appears that one Ella E. Weisert had, upon December 6, 1910, received certain injuries while alighting from one of plaintiff's store elevators caused as she alleged by negligent conduct on the part of an employee of plaintiff in charge of the elevator. None of the officers or managing employees of plaintiff had any notice or knowledge of this accident, and the operator of the elevator, one Loren Stevens, distinctly testifies that, because of the apparent trivial nature of Mrs. Weisert's fall and of the fact that she immediately walked away without making any complaint or giving him her name, he did not suppose she was

injured and, therefore, made no report of the occurrence to any one.  Mr. Stevens does not, in terms, state he was the operator of the elevator, but such is the unmistakable inference from his testimony as a whole and the fact definitely appears in the record of the Weisert action.

On or about the 9th day of April, 1912, Mrs. Weisert began an action against plaintiff by the service of a summons.  In the absence of any report concerning her, and no complaint being served, plaintiff had no way of knowing, and did not in fact know, what was the basis of her claim, or the date of her injury, or even that she had been injured.  Plaintiff had, however, learned of one or more slight accidents upon one of its elevators shortly before that date, and in the belief that Mrs. Weisert's summons referred to one of those, and in the endeavor to comply with the requirement of the policy and the direction of the notice of reinsurance, immediately transmitted the summons to the local agent of the reinsuring company, and dispatched a copy thereof to the general agent at Philadelphia.  Thereafter investigations were made by plaintiff and the reinsurer as to the nature of the accident and its date, but same were not ascertained by either until May 21, 1912, when Mrs. Weisert's complaint was served upon the attorney for the reinsurer.  Ten days later all the papers in the matter were sent by the reinsurer to plaintiff with a notification that the claim arose prior to the date when the contract of reinsurance took effect.  Until their receipt with the accompanying letter plaintiff had no knowledge whatsoever concerning Mrs. Weisert's accident, its date, or the nature of her claim against it.  It thereupon at once delivered the summons, complaint and other papers to Mr. John J. McInerney, who had theretofore acted as an agent for defendant in similar

3

matters, and wrote to both defendant and the broker through whom the contract of insurance had been placed. Just what was written by plaintiff to defendant is not shown, but it is a fair assumption, under the circumstances, that plaintiff's letter contained a notification of Mrs. Weisert's claim and the action which had been brought to recover therefor. However this may be, Mr. McInerney, or his firm, did upon June third advise defendant of the facts and of the steps taken to protect its interests. June tenth following defendant repudiated both to plaintiff and to Mr. McInerney any liability or interest in the matter and likewise repudiated as unauthorized the action had for it in connection therewith by Mr. McInerney.

Thus plaintiff was forced and did defend the Weisert action itself, the trial resulting in a verdict and judgment against it, and on the 28th day of August, 1913, such judgment, then amounting to $1,998.50, was paid by plaintiff, which also expended $277.49 for attorney's fees and other disbursements in connection therewith. Plaintiff now sues to recover that money.

If it be held that the proof is insufficient to warrant a finding that the letter from plaintiff to defendant of about June second was in notification of Mrs. Weisert's claim and the suit brought thereon, the controversy must hinge upon the relations actually or ostensibly existing between defendant and Mr. McInerney. If plaintiff was justified in treating him as an agent of defendant for that purpose, the notification and delivery of the papers in the matter to him constituted under well-settled authority sufficient compliance with the above recited condition of the policy, noncompliance with which is relied upon as the basis of defendant's refusal to protect plaintiff against Mrs. Weisert's claim. *Press Pub. Co.* v. *General Accident,*

*F. & L. Corp.,* 160 App. Div. 537; *Woolverton* v. *Fidelity & Casualty Co.,* 190 N. Y. 41.

For some time prior to May 27, 1911, Mr. McInerney, who was a practicing lawyer of the city of Rochester, had been acting as defendant's agent in that city and its surroundings, and on that day, with the consent of defendant, there was issued to him a formal certificate of his agency as required by section 50 of the Insurance Law, which authorized him to act in the county of Monroe. Such a certificate must be renewed annually and, in any event, within six months after the first of January next following its issue, so that that issued to Mr. McInerney not having been revoked confirms his authority to and including the 26th day of May, 1912. By chapter 748 of the Laws of 1911, effective January 1, 1912, however, the superintendent of insurance was forbidden to issue such certificate to any person, other than one whose principal business was that of insurance. This act was later declared unconstitutional (*Hauser* v. *North British & Mercantile Ins. Co.,* 152 App. Div. 91; 206 N. Y. 455), but was at the time of the expiration of Mr. McInerney's certificate in force and, because of the fact that insurance was not Mr. McInerney's principal business, his certificate was not renewed. The undisputed testimony of Mr. McInerney is that, notwithstanding its expiration, he continued until a very considerable time subsequent to the transactions here under consideration to act for defendant, not as a broker or solicitor, but as its agent. The nature of that employment and the character of the business with which he was intrusted is described by him with much detail, and it appears that he had been ordered to and had paid especial attention to plaintiff's business with defendant and had in a number of instances acted for defendant therein, his acts being, so far as appears, adopted and ratified

without question. The letter from the attorney of the reinsuring company, from which plaintiff received its first knowledge as to the date and nature of the Weisert claim, bears date of June 1, 1912, and in ordinary course of mail would have been received in Rochester upon the morning of June second, or upon the seventh day after the expiration of Mr. McInerney's certificate. That plaintiff had no knowledge of the expiration of such certificate and, in view of its past dealings with defendant through Mr. McInerney, was justified in assuming that Mr. McInerney was still the agent of defendant and authorized to act for it in the premises, seems beyond serious dispute, and that Mr. McInerney in good faith understood himself authorized to represent defendant therein is shown not only by his actions but by his letter to defendant dated June third. The evidence as to Mr. McInerney's continued agency for defendant is convincing, but, if it were otherwise, I think defendant estopped from denying an authority it had conferred, and notice of the revocation of which it had not given to either the agent or the customer.

As was said by Mr. Justice McLaughlin in *Press Pub. Co.* v. *General Accident F. & L. Corp., supra:* " The purpose of the policy was to indemnify the plaintiff, and to that end it should receive a reasonable construction. * * * The law does not look with favor upon forfeitures in insurance policies and refuses to give that effect to them, unless a case is brought squarely within the provisions."

To hold that under circumstances such as are here presented there was a violation of the condition of the contract known as ''B '' would seem to be a narrow and unreasonable disposition of undoubted equities in favor of plaintiff against this defendant.

Defendant's several motions to dismiss the com-

plaint are denied with the usual exceptions, and judgment is directed for plaintiff in the sum of $1,998.50, with interest from August 28, 1913, and $277.49, with interest from the date of the commencement of this action.

Ordered accordingly.