Foster vs. The Fidelity & Casualty Co. of New York.

FOSTER, Respondent, vs. THE FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellant.

*April 14— May 3, 1898.*

*Accident insurance: Notice of accident: Proof of death: Pleading: Waiver: Evidence: Appeal.*

1. The requirement of an accident insurance policy that *immediate* notice shall be given of "any accident and injury for which a claim is to be made," applies as well to the case of an accident resulting in death as to one resulting only in disablement.
2. "Immediate" in such requirement means within such convenient time as may be reasonably necessary under the circumstances. Where the alleged accident occurred August 31, the death occurred September 5, and the beneficiary had satisfied herself of the facts as early as September 17, a notice given by her October 17 cannot be considered "immediate."
3. A waiver of the condition as to the time within which proofs of death are to be furnished before action may be proved on the trial though not pleaded.
4. Evidence that after notice had been given to the company there was some subsequent correspondence between it and the plaintiff's attorneys, and additional proofs were received and retained by the company, if admissible at all, could be received only to show the fact of waiver and that the conditions of the policy as to furnishing proofs had been thus substantially complied with, and, even if sufficient for that purpose, was not admissible as substantial proof of any fact as to the accident or the cause of the death.
5. To allow the physician who treated the deceased, in an action upon an accident policy for his alleged accidental death, to answer the question, asked on his direct examination: "State now whether, in your judgment, his death was occasioned by those injuries, from all the evidence you had before you there at that time," was error. His opinion should be based either on his examination of the case or upon a proper hypothetical question.
6. The evidence in this case is *held* insufficient to sustain a verdict to the effect that the death of the insured was the result of accident, independently of all other causes.

APPEAL from a judgment of the circuit court for Portage county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

This is an action to recover upon an accident insurance

Foster vs. The Fidelity & Casualty Co. of New York.

policy issued by the defendant. The policy was in the principal sum of $1,600, and was issued June 29, 1895, to one Thomas F. Foster, a car repairer by occupation, in favor of his mother, the plaintiff, *Mary J. Foster*, in case of his death resulting from bodily injuries sustained through external, violent, and accidental means. The policy also contained a provision for the payment of weekly indemnity to the assured himself for disability resulting from injuries not producing death. The clauses of the policy which are material upon this appeal are as follows:

"Against bodily injuries sustained through external, violent, and accidental means, as follows: If death shall result within ninety days from such injuries, independently of all other causes, this company shall pay the principal sum of this policy to *Mrs. Mary J. Foster*, his mother, if surviving, or, in event of her prior death, to the legal representatives of the assured; (a) or, if the loss by actual separation at or above the wrist or ankle of *both hands* or *both feet*, or of *one hand and one foot*, or the irrecoverable loss of the sight of *both eyes* shall so result within ninety days, the company shall pay the assured *the principal sum* before named, which payment shall terminate the policy; (b) or if the loss by actual separation at or above the wrist or ankle of *one hand* or of *one foot* shall so result within ninety days, the company shall pay the assured *one half the principal sum* before named, which payment shall terminate the policy."

"This insurance does not cover disappearances, nor war risks, nor voluntary exposure to unnecessary danger, nor injuries, fatal or otherwise, resulting from poison or anything accidentally or otherwise taken, administered, absorbed, or inhaled; nor injuries, fatal or otherwise, received while or in consequence of having been under the influence of, or affected by, nor resulting, directly or indirectly, from, intoxicants, anæsthetics, narcotics, sunstroke, freezing, vertigo, sleep-walking, fits, hernia, or any other disease or bodily infirmity."

Foster vs. The Fidelity & Casualty Co. of New York.

Among the conditions to which the policy was made subject were the following: "(4) Any medical adviser of the company shall be allowed to examine the person or body of the assured in respect to any alleged injury as often as he requires. (5) Immediate written notice must be given said company at New York City of any accident and injury for which a claim is to be made, with full particulars thereof, and full name and address of the insured. Affirmative proof of death, or loss of limb or of sight, or of duration of disability must also be furnished the company within two months from the time of death, or of loss of limb or of sight, or of the termination of disability. Legal proceedings for recovery hereunder may not be brought till three months from date of filing proof at this company's home office, nor brought at all unless begun within six months from time of the death, loss of limb or sight, or the termination of disability. Claims not brought in accordance with the provisions of this clause shall be forfeited to the company."

The insured died on the 5th of September, 1895, at Hurley, in this state, being then in the employ of the Wisconsin Central Railway Company as car repairer. The complaint alleged that he died by reason of injuries received by him by an accidental fall from a freight car at Hoyt's station, on or about August 31, 1895; and further, that the said insured in his lifetime, and the plaintiff after his death, each fulfilled all the conditions of the policy; and that the plaintiff, on the 15th of October, 1895, and more than three months before the commencement of this action, gave the defendant notice in writing of the said injury to and death of Thomas F. Foster. The answer admitted that Foster died at Hurley, September 5, 1895, and that the defendant received from the plaintiff notice of such death on October 17, 1895, and not before, and further alleges that Foster died of disease and infirmities, and not by accident, and that no affirmative proof that his death was caused by accident has ever been fur-

nishcd. At the time of the death of the insured, the plaintiff lived at Stevens Point, Wisconsin, and was not present when her son died. His death took place at an hotel in Hurley, and apparently as a result of a severe attack of cholera morbus. There was no direct evidence that the insured had met with an accident, but bruises were found upon his back, and certain testimony was given by the physician who attended him which, it was claimed, was sufficient to entitle a jury to find that his death was caused by an accident or fall which produced the bruises. A motion for nonsuit was made at the close of the plaintiff's evidence, which was denied, and a motion to direct a verdict for the defendant at the close of the entire evidence was also denied. A verdict was returned for the plaintiff for the full amount of the policy, and a motion to set the same aside upon exceptions, and because contrary to the law and the evidence, was denied. From judgment for the plaintiff upon the verdict the defendant appeals.

For the appellant there was a brief by *Curtis, Reid & Smith,* and oral argument by *A. H. Reid.*

For the respondent the cause was submitted on the brief of *Cate, Sanborn, Lamoreux & Park.* To the point that the question how far the notice given complied with the policy was a question for the jury, they cited 1 Am. & Eng. Ency. of Law, 92*d*, note 4; 9 id. 933; *Knickerbocker Ins. Co. v. Gould,* 80 Ill. 388; *Niagara F. Ins. Co. v. Scammon,* 100 id. 644.

WINSLOW, J. There are several reasons why this judgment must be reversed.

1. The policy provides that immediate written notice must be given to the company of any accident and injury for which a claim is to be made, with full particulars thereof. This was a condition precedent to a recovery. The word "immediate," in this connection, means such convenient time

as was reasonably necessary under the circumstances to do the thing required. *Kentzler v. Am. Mut. Acc. Asso.* 88 Wis. 596. Where the facts are uncertain or disputed, and the inferences doubtful, the question whether timely notice was given is one for the jury under proper instructions; but, where the facts are not in dispute, and the inferences are certain, it is a question of law for the court. *Kimball v. Howard F. Ins. Co.* 8 Gray, 33; *Baker v. German F. Ins. Co.* 124 Ind. 490; *Mellen v. Hamilton F. Ins. Co.* 17 N. Y. 609.

Here the facts as to the diligence used in giving the notice are not in dispute. The accident is claimed to have taken place somewhere from the 1st to the 5th of September. The death of the insured occurred September 5th. The plaintiff went to Hurley to ascertain the cause of her son's death, September 14th, and remained until the 17th. She herself testifies that while there she became satisfied as to the cause of his death. We have discovered nothing tending to show that she ever obtained any further information. She took no further steps until October 2d, when she employed attorneys, and on October 12th one of her attorneys went to Hurley, and procured affidavits of the attending physician and the undertaker at Hurley, and returned to Stevens Point October 14th. On October 16th, a notice, stating that the death resulted from an accident, describing it as a fall from a box car on or about August 31, 1895, at Hoyt's station, and an affidavit showing burial of the body by an undertaker at Stevens Point, were mailed to the defendant at New York City, and received not earlier than October 17th. Thus the proof is that the beneficiary knew the facts which satisfied her that her son's death was accidental as early as September 17th, and gave no notice of the accident to the company until the following 16th day of October, an interval of twenty-nine days. A notice given after the lapse of such length of time with knowledge of the facts cannot be held

"immediate" notice. The decisions to this effect are numerous, and well-nigh unanimous. Niblack, Ben. Soc. & Acc. Ins. § 416.

It was argued that the requirement of notice applied only to accidents or injuries not resulting in death, but we think the plain words of the policy cannot be so construed. The provision is that immediate notice must be given of "any accident or injury for which a claim is to be made." An accident resulting in death is certainly as much one for which a claim is to be made as one resulting simply in disablement, and the necessity of a notice is certainly fully as great, if not greater. Under the proofs before us we hold as matter of law that the notice given was not an immediate notice.

2. In addition to the notice the policy in suit requires affirmative proof of death to be furnished to the company within two months from the time of death. After the notice and affidavit of the Stevens Point undertaker, before mentioned, were mailed to the company, October 16th, some correspondence took place between the plaintiff's attorneys and the company or its claim agents relative to the claim of the plaintiff. On December 13, 1895, the plaintiff's attorneys wrote that they had additional proofs that Foster's death was accidental, and offered to furnish them. To this the defendant's assistant examiner of claims replied that, "we would be pleased to receive any statements you may have bearing on the matter," whereupon the plaintiff's attorneys mailed to the examiner two affidavits,— one by the undertaker at Hurley, describing the bruises on the body of the deceased, and one by the attending physician, stating his treatment of the case; also stating his belief, from information received by him, and also in answer to a hypothetical question, that the death of the deceased was due remotely to injuries received by the deceased. These affidavits appear to have been received at New York about December 20th, and to have been retained by the company. January 3, 1895,

the examiner wrote, in effect, denying liability, because the
death was not the result of accident, and calling attention
to the plaintiff's failure to make her claim in accordance with
condition 5 of the policy.   There was also some subsequent
correspondence, and the entire correspondence and the af-
fidavits were offered and received in evidence generally,
against general objections of incompetency and immaterial-
ity as well as the specific objection that no foundation had
been laid in the pleadings for such evidence.

This evidence, if admissible at all, was admissible only to
show that sufficient proofs of death had been furnished, and
that the requirement that such proofs be furnished within two
months after the death had been waived by the acts of the
company.   It is said by appellant that no waiver could be
shown, because it was not pleaded, and that, if waiver was re-
lied upon, it must be specially pleaded, and cannot be shown
under an allegation of performance of conditions.   This con-
tention seems to be adversely ruled against by the decision in
the case of *Zielke v. London Ass. Corp.* 64 Wis. 442, and must
be overruled upon the authority of that case.   But, as be-
fore stated, it could only be received to show the fact of
waiver, and that the conditions of the policy as to fur-
nishing proof had been thus substantially complied with,
and we regard it as sufficient for that purpose; but it was
not admissible as substantive proof of any fact as to the ac-
cident or the cause of the death.   *Hiles v. Hanover F. Ins.
Co.* 65 Wis. 585.   It was, however, introduced, and received
generally in the case, and was used and read to the jury as
proof tending to show that the death was the result of ac-
cident.   Both the letters and the affidavits contained many
statements of fact and opinions bearing on the cause of
death which were well calculated to be regarded by the jury
as substantive proof upon the question, and it was error to
receive it, and allow it to be used for this purpose.

3. Dr. Turner, the physician who treated the deceased,

Foster vs. The Fidelity & Casualty Co. of New York.

was asked the following question upon his direct examination: " State now whether, in your judgment, his death was occasioned by those injuries, *from all the evidence you had before you at that time.*" An objection to the question was overruled, and he answered the question affirmatively. This was error, because the question does not show the facts upon which his opinion was based. It may be that it was based largely upon hearsay. Indeed, his further examination tended to show that such was the fact. Such an opinion should be based either on his examination of the case or upon a proper hypothetical question, and not upon a question which allows the witness to base his answer upon his own idea of what is evidence and what is not evidence.

4. We cannot refrain from saying that, in our judgment, the evidence was entirely insufficient to sustain the verdict that the death of Foster was the result of accident, independently of all other causes. It would not be useful to attempt to review all of the evidence, which was very voluminous. It is sufficient to say that there was no direct proof of any accident. The body of Foster had some bruises of recent origin, and one or two small abrasions upon the back, at the crest of the pelvis, and along the spine, but how or when they were inflicted does not appear. The evidence was very strong tending to show that his death was the result of a sudden and severe attack of cholera morbus or dysentery. The medical expert evidence which it is claimed justifies a conclusion that his difficulty resulted from the injuries which produced the bruises was very unsatisfactory in its character and inconclusive. Certainly it comes short of proving that any accident, independent of all other causes, produced his death.

*By the Court.*— Judgment reversed, and action remanded for a new trial.