### SMITH AND DOVE MANUFACTURING COMPANY *vs.* TRAVELERS' INSURANCE COMPANY.

Essex.    March 11, 1898. — May 23, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Insurance — Notice of Loss.*

Where a policy of insurance against loss from liability to employees injured in the course of their employment contains a proviso that the assured shall give the company "immediate written notice" of the happening of an accident within its terms, a notice of such accident given twenty-six days after it occurred is not a compliance with the condition, and the fact that the intention of the assured to send notice was interrupted by a strike of his employees, which gave him a great deal of trouble, and caused him for the time to forget the notice, is not an excuse for not complying with the condition of the policy.

CONTRACT, on a policy of insurance against loss from liability to employees injured in the course of their employment. Trial in the Superior Court, before *Dunbar*, J., who directed the jury to return a verdict for the defendant, and, at the request of the plaintiff, reported the case for the determination of this court.

If the ruling was wrong, the case was to be remitted to the Superior Court for a new trial ; otherwise, judgment was to be entered on the verdict.    The facts appear in the opinion.

*J. P. Sweeney*, for the plaintiff.

*S. Lincoln*, for the defendant.

HOLMES, J.    This is an action upon a policy of insurance against loss from liability to employees injured in the course of their employment.    There is no dispute that a loss happened that was within the policy, and the only defence is that the plaintiff did not give the defendant " immediate written notice "

of the accident, as required by a proviso of the contract. The accident happened on May 28, 1895, and was at once known and inquired into by the plaintiff's manager, whose duty it was to send the defendant the notice required. But his intention to send notice was interrupted by a strike, which gave him a great deal of trouble, and to which the details of management were subordinated, but, as he very candidly testified, without being wholly given up. The result was that he forgot the notice, or assumed that it had been sent, and that he failed to send it until June 24. These are the facts, and we are of opinion that they show neither a compliance with the condition nor an excuse for not complying with it, even under most of the cases cited in the decision of the majority in *Harnden* v. *Milwaukee Mechanics' Ins. Co.* 164 Mass. 382. It is impossible to say that notice after a month's delay, due only to the forgetfulness of the agent in charge, is an "immediate nótice" in any sense. If the word "immediate" is satisfied by the use of reasonable diligence on the part of the insured, such diligence is not made out by evidence that an agent upon whom he relied to give notice had a paramount but not exclusive interest in his head which drove out the contract's requirement and made him forget it. *Railway Passenger Assurance Co.* v. *Burwell,* 44 Ind. 460, 463, 464. *Whitehurst* v. *North Carolina Ins. Co.* 7 Jones, (N. C.) 433. *Trask* v. *State Ins. Co.* 29 Penn. St. 198. *Edwards* v. *Lycoming County Ins. Co.* 75 Penn. St. 378. *Inman* v. *Western Ins. Co.* 12 Wend. 452, 460.

*Judgment on the verdict.*