## NORTHWESTERN TELEPHONE EXCHANGE COMPANY v. MARYLAND CASUALTY COMPANY.[1]

June 20, 1902.

Nos. 13,000—(149).

### Indemnity Insurance—Notice of Accident.

The policy of insurance issued by appellant to respondent contained the following provision: "The assured, upon the occurrence of an accident, shall give immediate notice thereof, in writing, with full particulars, to the home office of the company at Baltimore, Maryland, or to its duly authorized agent. He shall give like notice, with full particulars, of any claim which may be made on account of such accident." An accident occurred to one of respondent's employees while under the supervision of a foreman. The foreman, upon the assumption that no injury resulted, made no report of it, and the company obtained no information of the occurrence from any other source. More than a year later the employee began an action against respondent for damages resulting from the accident, and received in settlement the sum of $750. *Held*, that under the terms of the policy it was the duty of respondent to report all accidents or occurrences of which it had knowledge, and for that purpose the foreman in charge was respondent's agent. Notice more than one year later was not within reasonable time, and not within

[1] Reported in 90 N. W. 1110.

the provisions of the contract, and appellant was accordingly relieved from liability.

Action in the district court for Ramsey county to recover $1,075 upon an indemnity insurance policy. The case was tried before Kelly, J., who found in favor of plaintiff for the sum of $750 and interest. From an order denying a motion for a new trial, defendant appealed. Reversed.

*Woods, Kingman & Wallace*, for appellant.

*C. D. & Thos. D. O'Brien* and *D. F. Morgan*, for respondent.

LEWIS, J.

The appellant, Maryland Casualty Company, of Baltimore, Maryland, issued a policy of insurance to respondent, the Northwestern Telephone Exchange Company, indemnifying it against liability for all claims against the assured as a result of the risk specified in the contracts thereto attached. The policy contained the following provision:

"The assured, upon the occurrence of an accident, shall give immediate notice thereof, in writing, with full particulars, to the home office of the company at Baltimore, Maryland, or to its duly authorized agent. He shall give like notice, with full particulars, of any claim which may be made on account of such accident."

On October 14, 1899, one Harrell was in respondent's employ in a repair crew at work on Mississippi street, in St. Paul, under the supervision of a foreman, and while digging a hole for a pole the earth caved in upon him, but he was extricated by his fellow employees, including the foreman, and, no serious results being apparent, no report of the occurrence was made to the telephone company. More than a year later, on November 30, 1900, Harrell commenced suit against the telephone company for personal injuries claimed to have resulted from that accident, which was the first intimation or notice respondent had of the mishap, and it immediately notified the casualty company, and demanded that it defend the action, but that company denied liability upon the ground that it had not been notified within a reasonable time. The case terminated in a settlement, by the terms of which Harrell received $750, and the telephone company brought this action to

recover that amount, upon the theory that under the terms of its insurance contract it was an obligation of appellant's. The trial court decided that respondent was entitled to recover upon the ground that notice had been given within reasonable time, because it was served as soon as respondent had knowledge of the occurrence of such accident.

The evident object of the provision in the contract, "shall give immediate notice," was to enable the insurer at the earliest possible moment to place itself in possession of the circumstances and conditions surrounding an accident, in order that it might be prepared either to defend or make settlement in case an action should be brought for resulting injuries. This was a reasonable requirement, and a distinction seems to have been designedly made between notice of the occurrence of accidents and notice of claim for damages. Of course, the telephone company could not give notice of an accident until it possessed knowledge of it. But the question is, when must it be deemed to have such knowledge? The accidents insured against were to employees of the telephone company. Appellant is a foreign corporation, and, instead of undertaking the trouble and expense of having agents of its own to look up the facts surrounding occurring accidents, it chose to exact from the telephone company an agreement to be furnished that information, and, having contracted to furnish it, respondent's foreman and men in charge of work when an accident happens are the company's representatives and agents for that purpose, and the duty rests upon them to report to the proper officers of the company. In this case the foreman had knowledge of the accident, but failed to report it. Having knowledge of the accident he was bound to exercise his judgment and determine whether it was of sufficient importance for the basis of a claim in damages, and, having concluded that it was not, the company was bound by his decision. No notice was given to appellant until more than a year after the accident, which was not within a reasonable time, nor in compliance with the terms of the contract, and the effect was to release appellant from liability.

A different question would arise had no agent or representative of the company been present at the time of the accident, and we

do not determine what would be the effect in such a case. We merely decide that under the terms of the contract it was respondent's duty to report the facts concerning any accident of which it had knowledge, and for the purpose of acquiring that knowledge the person in charge was the company's agent. It follows, therefore, that it is of no importance that no injurious consequence was apparent at the time of the accident, and that its results did not develop until some months thereafter.

Order reversed.