## CHARLES E. HAGSTROM AND ANOTHER v. AMERICAN FIDELITY COMPANY OF MONTPELIER, VERMONT.[1]

July 6, 1917.

Nos. 20,382—(196).

**Liability insurance — immediate notice of injury condition precedent to action.**
> 1. A provision contained in a policy of liability insurance by which the insured is required to give "immediate notice" of the occurrence of an injury covered by the contract, imposes upon the insured the duty to give such notice within a reasonable time, is of the essence of the contract and a condition precedent to the right of action thereon, and a failure to give the same operates to release the insured from liability.

**Same.**
> 2. A notice given 52 days after the occurrence of the injury, *held* not within a reasonable time, and therefore not a compliance with the contract.

Action in the district court for Hennepin county to recover $1,755 upon defendant's policy of employers' liability insurance. The case was tried before Steele, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict in favor of plaintiffs for $1,186.95. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*Watson & Abernethy,* for appellant.
*Selover, Schultz & Selover,* for respondents.

BROWN, C. J.
Action upon a policy of liability insurance in which plaintiff had a

[1]Reported in 163 N. W. 670.

verdict, and defendant appealed from an order denying its alternative motion for judgment or a new trial.

There is no controversy about the facts and so far as pertinent to the question upon which our decision of the case turns, they are substantially as follows: Plaintiffs are contractors and builders residing and doing business at Minneapolis. At the time here in question they were engaged, under a contract with the school district officers, in the construction of a school building at Madelia, this state, the work being under charge and direction of a superintendent. One Etter was in their employ upon and about that work, and in the performance of his duties received an injury which he claims was caused by the negligence of plaintiffs, and for which he subsequently brought an action against them. Plaintiffs had a policy of liability insurance issued by defendant, and upon the commencement of that action defendant was duly notified thereof, and thereby afforded an opportunity to defend the action, but for the reasons presently to be stated declined to do so. Plaintiffs subsequently settled the action with the employee, paying him the sum of $1,500 in full for his injuries. They then brought this action upon the policy for reimbursement. Defendant interposed in defense the failure of plaintiffs to comply with certain conditions of the policy, by which they were required to give to defendant immediate notice of the injury, which failure defendant claimed released it from liability on the contract. The defense was submitted to the jury but not sustained, the verdict being for plaintiffs.

Whether the defense, the facts with reference to which will now be stated, is sustained by the record as a matter of law is the only question we deem it necessary to consider, for our conclusion that it is so sustained finally disposes of the case on the merits.

The policy contains various conditions limiting the liability of defendant, one of which provides that:

"Upon the occurrence of an accident, the insured shall give immediate written notice thereof, with the fullest information obtainable, to the company's home office, or to the agent by whom this policy has been countersigned. If a claim is made on account of such accident, the insured shall give like notice thereof with full particulars."

The injury here complained of was received by the employee on September 3, 1913, and the fact, and the nature and character thereof, were then known to the superintendent or foreman in charge of the particular work, and under whom the employee was performing his duties, though not to plaintiffs personally, but no notice thereof was given to defendant, as required by the provisions of the policy just quoted, or otherwise, until October 25, a period of 52 days. Defendant claims that the delay in giving the notice was a breach of the contract, which released defendant from liability on the policy.

The court below construed the provision of the contract above quoted as one requiring the service of the notice within a reasonable time, and submitted the question of reasonableness to the jury. That view of the contract is in harmony with the authorities, including our own decisions. Fletcher v. German-American Ins. Co. 79 Minn. 337, 82 N. W. 647; Ermentrout v. Girard F. & M. Ins. Co. 63 Minn. 305, 65 N. W. 635, 30 L.R.A. 346, 56 Am. St. 481; 24 Harvard Law Rev. 580. But we think the question whether the service was made within a reasonable time, the facts not being in dispute, was one of law, and should have been disposed of accordingly.

The object and purpose of this provision of the policy was to afford the company an opportunity to make an early and prompt investigation into the claim of loss or injury, not only to learn and ascertain the facts with respect thereto, but also to protect itself from a possible fraudulent and fictitious claim. If there be long delay this purpose of the contract may be wholly defeated, and the insurer deprived of the right to early information in reference to the merits of the claim. The facts may be concealed, witnesses scatter and disappear, rendering a delayed investigation without substantial results. We have heretofore held that the requirement of notice is of the essence of the contract, a condition precedent, and if the delay be such as to defeat the purpose of the contract, and deprive the insurer of the opportunity of an early investigation into the loss, there is a breach of the contract by the insured which will forfeit his right of indemnity. Gies v. Bechtner & Kottman, 12 Minn. 183 (279); Northwestern Tel. Exch. Co. v. Maryland Casualty Co. 86 Minn. 467, 90 N. W. 1110; Mitchell v. Minnesota F. Assn. 48 Minn. 278, 51 N. W. 608; 2 Dunnell, Minn. Dig. § 4782. The

rule as respects fire insurance was changed by the statutory form of policies of that kind. Mason v. St. Paul F. & M. Ins. Co. 82 Minn. 336, 85 N. W. 13, 83 Am. St. 433. But the change has no application to other insurance wherein the stipulation is of the essence of the contract. This is pointed out in the Mason case.

Upon the question whether the notice in this instance was given within a reasonable time, we are unable to distinguish the case from Ermentrout v. Girard F. & M. Ins. Co. 63 Minn. 305, 65 N. W. 635, 30 L.R.A. 346, 56 Am. St. 481, where a delay of 60 days was held unreasonable. The contract there before the court required an "immediate notice" as in the case at bar, and a delay of 60 days was held to release the insurer. There is no substantial difference between the two cases. While the authorities are not in full harmony upon the question, the Ermentrout case has ample support. Foster v. Fidelity & C. Co. 99 Wis. 447, 75 N. W. 69, 40 L.R.A. 833; Smith & Dove Mnfg. Co. v. Travelers' Ins. Co. 171 Mass. 357, 50 N. E. 516; Rooney v. Maryland C. Co. 184 Mass. 26, 57 N. E. 882; Fuller, Accident & Employers' Liability Ins. 372.

The case of Anoka Lumber Co. v. Fidelity & Casualty Co. 63 Minn. 286, 65 N. W. 353, relied upon by plaintiffs, is not in point. The contract in that case is unlike that in the case at bar in that but one notice was there required to be given, and the court properly enough held that there was no occasion for a service of the same until a claim was made against the insured. It is noticeable that after that decision was rendered policies of this character were so changed that the particular condition was made to require the service of two notices, one immediately on the happening of the accident, and a like notice whenever a claim should be made against the insured. Since the modified policy requires both notices, the reasoning upon which the Anoka Lumber Company case was decided falls, rendering the decision inapplicable. The modified policy was in effect held valid in Northwestern Tel. Exch. Co. v. Maryland Casualty Co. supra. See also Underwood Veneer Co. v. London G. & A. Co. 100 Wis. 378, 75 N. W. 996; Oakland Motor Car Co. v. American F. Co. 190 Mich. 74, 155 N. W. 729.

The evidence is wholly insufficient to support the contention of

counsel that defendant waived the failure to serve the notice. Whatever investigations the company made into the merits of the case were subject to its asserted right to disclaim liability for the failure of plaintiffs to comply with the contract, and the company was clearly within its rights. The fact that plaintiffs personally did not know of the injury until about the time the notice was given does not excuse the default. The fact was known by their foreman. Northwestern Tel. Exch. Co. v. Maryland Casualty Co. 86 Minn. 457, 90 N. W. 1110.

Our conclusion therefore is that the court erred in not directing a verdict for defendant at the trial, and the order denying its motion for judgment notwithstanding the verdict is reversed, with directions to the court below to order judgment for defendant.

Reversed.