## C. S. BRACKETT & COMPANY v. GENERAL ACCIDENT, FIRE & LIFE ASSURANCE CORPORATION, LTD.[1]

May 31, 1918.

No. 20,842.

**Insurance — immediate notice of accident — question for jury.**

 1. The evidence was such that it devolved upon the jury, and not the

[1]Reported in 167 N. W. 798.

court, to determine whether the written notice of an accident given 35 days after its occurence was timely under the terms of the accident insurance policy issued by defendant to plaintiff.

**Same — waiver of condition.**

2. The provision in the policy, that no condition therein shall be waived, except by written indorsement signed by a designated officer, does not apply to the conditions to be performed after the occurrence of the loss or of the event upon which a loss may be predicated.

Action in the district court for Hennepin county to recover $3,254.17 upon defendant's indemnity contract. The facts are stated in the opinion. The case was tried before Steele, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict for $3,379.71. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Watson, Sexton & Mordaunt* and *P. J. McLaughlin,* for appellant.

*Kerr, Fowler, Schmitt & Furber,* for respondent.

HOLT, J.

Defendant issued an indemnity policy to protect plaintiff against loss arising from accidents in the operation of automobiles used in its business. While this policy was in force, and on February 27, 1914, an automobile so used collided with and injured one Boll while riding a bicycle. Boll sued plaintiff to recover damages; defendant declined to defend. Boll had judgment, which plaintiff paid and then brought this action to be reimbursed. The trial resulted in a verdict in favor of plaintiff. Defendant appeals from the order denying its motion, made in the alternative, for judgment notwithstanding the verdict or a new trial.

There can be no question of plaintiff's right to recover the amount awarded by the verdict, provided such right was not lost because of a failure to give defendant such notice of the accident as the terms of the policy call for. The two provisions bearing upon this issue read:

"C. The assured, upon the occurrence of an accident, shall give immediate written notice thereof, with the fullest information obtainable at the time, to the Corporation's Head Office at New York City, or to its duly authorized agent."

"K. No condition or provision of this policy shall be waived or altered except by written indorsement attached hereto and signed by the United States Manager, or the Assistant United States Manager, nor shall knowledge possessed by any agent or by any other person be held to effect a waiver of or a change in any part of this contract."

Immediate notice, in contracts of the sort here involved, means notice given within a reasonable time after the occurrence of the event under or on account of which a claim may be made upon the insurer. Ermentrout v. Girard F. & M. Ins. Co. 63 Minn. 305, 65 N. W. 635; Fletcher v. German-American Ins. Co. 79 Minn. 337, 82 N. W. 647; Hagstrom v. American Fidelity Co. 137 Minn. 391, 163 N. W. 670. Where the facts are in dispute, it becomes usually a question for the jury whether the notice is timely. In the case last cited, no extenuating circumstances appearing, it was held, as a matter of law, that a delay of 52 days in giving the notice destroyed the right to maintain an action on the policy. In the case at bar written notice did not reach defendant until the thirty-fifth day after the accident; but, we think, the evidence made it a case for the jury to say whether there was a compliance with the provision of the policy.

From the evidence the jury could find that on the day of the accident plaintiff telephoned Marsh & McLennan, the general agents of defendant at Minneapolis, of the occurrence and the details as then known, the communication being with one Preston, the employee of the firm who customarily attended to matters pertaining to the policy in question; that Preston assured plaintiff that the matter would be taken care of by defendant; that Preston also notified one Carley, officing with Marsh & McLennan and employed by the attorneys of defendant to investigate and adjust injuries received in accidents covered by defendant's policies; that within 10 days Carley came to plaintiff's officers and stated that he had located the only eyewitness there was to the accident; that on the thirty-fifth day after the collision Carley again came to plaintiff's place of business, and, upon defendant's blanks, made out a written report of the accident which, at his request, the driver of the automobile concerned and an officer of plaintiff signed, which report Carley took away and which defendant received and retained

without a suggestion that it was untimely, until more than a month later.

Unquestionably Marsh & McLennan were proper agents to whom notice could be given. Crystal Ice Co. v. United Surety Co. 159 Mich. 102, 123 N. W. 619; Lamontagne v. Standard Ins. Co. 226 Mass. 161, 115 N. E. 244. Notice was received by these agents promptly, and, although not in writing, it was acted on without delay by Preston and Carley, at least, the jury could so find. The investigation, the opportunity for which was intended to be secured by the written notice, was had. There is no testimony that the authority of Preston to receive notices of accidents, in behalf of Marsh & McLennan and defendant, and communicate the same to Carley, was in any manner limited, nor that of Carley to investigate the same in defendant's interest. In Fidelity & Casualty Ins. Co. v. Mountcastle (Tex. Civ. App.) 200 S. W. 862, it was held that the giving of verbal notice was a circumstance to be considered by the jury in determining whether a subsequent written notice was given with reasonable promptness. There is also some testimony, although much discredited by written reports, that it was customary to give notice of accidents orally to Marsh & McLennan's office, and that the claims arising therefrom were investigated and adjusted without other notice.

In our opinion, there are facts and circumstances in the record sufficient to take the question to the jury whether the written notice was given within a reasonable time. Numerous decisions may be cited holding various extenuating circumstances to take the question to the jury whether, under provisions similar to the one in this policy, a written notice is timely when given after a lapse of time of approximately the same length as here, or even greater. Fletcher v. German-American Ins. Co. 79 Minn. 337, 82 N. W. 647; Fidelity & Deposit Co. v. Courtney, 186 U. S. 342, 22 Sup. Ct. 833, 46 L. ed. 1193; Lyon v. Railway Passenger Assn. Co. 46 Iowa, 631; Knickerbocker Ins. Co. v. Gould, 80 Ill. 388; Harnden v. Milwaukee M. Ins. Co. 164 Mass. 382, 41 N. E. 658, 49 Am. St. 440; Greenough v. Phoenix Ins. Co. 206 Mass. 247, 92 N. E. 447, 138 Am. St. 383; Solomon v. Continental Fire Ins. Co. 160 N. Y. 595, 55 N. E. 279, 46 L.R.A. 682, 73 Am. St. 707; Peoples Mutual Accident Assn. v. Smith, 126 Pa. St. 317, 17 Atl. 605, 12 Am.

St. 870; Hughes v. Central Accident Ins. Co. 222 Pa. St. 462, 71 Atl. 923; Curran v. Nat. Life Ins. Co. 251 Pa. St. 420, 96 Atl. 1041; Edgefield Mnfg. Co. v. Maryland Casualty Co. 78 S. C. 73, 58 S. E. 969. Of course, where no extenuating circumstances appear and facts are undisputed, a shorter delay than 35 days in complying with the provision for immediate written notice may, as a matter of law, preclude recovery. Such are the cases, cited by appellant, of Foster v. Fidelity & Casualty Co. 99 Wis. 447, 75 N. W. 69, 40 L.R.A. 823; Smith & Dove Mnfg. Co. v. Travelers' Ins. Co. 171 Mass. 357, 50 N. E. 516; Finley v. U. S. Casualty Co. 113 Tenn. 592, 83 S.W. 2, 3 Ann. Cas. 962.

Appellant makes the claim that provision K in the policy, above quoted, excludes waiver from consideration. It is not clear that the issue of waiver of written notice was submitted to the jury. But, even if the charge may be so construed, we think appellant's position is not sound that waiver of written notice could not be shown. The provision K relates to the conditions of the policy and not to their performance. In Washburn-Halligan Co. v. Merchants B. M. Fire Ins. Co. 110 Iowa, 423, 81 N. W. 707, 80 Am. St. 311, it is said that numerous authorities state the effect of a provision like K thus: "It applies only to those conditions and provisions in the policy which relate to the formation and continuance of the contract of insurance, and are essential to the binding force of the contract while it is running, and does not apply to those conditions which are to be performed after the loss has occurred, in order to enable the assured to sue his contract, such as giving notice and furnishing preliminary proof." Many decisions are cited to the proposition in the opinion. Under this rule it was competent to prove waiver of written notice in the usual manner. The Iowa Supreme Court, in Farmers' Handy Wagon Co. v. Casualty Co. of America, 167 N. W. 204, in a case of this kind, say: "The general agent was notified by word of mouth. He acted upon that notice, made no objection to the notice, and fairly led the other party to believe by his conduct that the giving of written notice as stipulated in the contract was unnecessary. The oral notice, being thus acted on, made the stipulated written notice an idle formality. In these circumstances it is so well settled that the defendant is estopped to defend with the lack of written notice as that we will cite no author-

ities for the proposition that it is estopped." See also Ermentrout v. Girard F. & M. Ins. Co. 63 Minn. 305, 65 N. W. 635. We have already adverted to the fact that the jury could find that the telephone notice was acted upon by defendant and the accident investigated. North British & Mercantile Ins. Co. v. Crutchfield, 108 Ind. 518, 9 N. E. 458; Harris v. Phoenix Ins. Co. 85 Iowa, 238, 52 N. W. 128; Willis v. Germania & H. Fire Ins. Cos. 79 N. C. 285; Petit v. German Ins. Co. 98 Fed. 800.

We think the evidence justified a recovery and that no error occurred in the trial to defendant's prejudice.

The order is affirmed.