**TRAVELERS' INS. CO. OF HARTFORD, CONN., v. SCOTT et al. (No. 9185.)**

‡Court of Civil Appeals of Texas. Ft. Worth. Nov. 29, 1919. Rehearing Denied Jan. 10, 1920.)

1. INSURANCE ⊘═535—CONDITION IN EMPLOYERS' LIABILITY POLICY REQUIRING NOTICE OF ACCIDENT TO INSURER VALID.

In absence of statutory inhibition, conditions in employers' liability policies requiring that immediate written notice of an accident be given to insurer with the fullest information obtainable are valid.

2. INSURANCE ⊘═146(3) — INSURANCE CONTRACTS CONSTRUED AGAINST INSURER.

Generally, in construing contracts of insurance as in construing other contracts, conditions are to be taken most strongly against the writer of the policy.

3. CONTRACTS ⊘═147(3) — CONSTRUCTION ACCORDING TO INTENTION OF PARTIES.

A contract must be construed as a whole, and be given a construction, if it can be reasonably done from the terms used and from the instrument as a whole, that will give effect to the manifest intention of the parties.

4. INSURANCE ⊘═539(3)—"IMMEDIATE WRITTEN NOTICE" OF ACCIDENT REQUIRES NOTICE WITHIN REASONABLE TIME AFTER ACCIDENT.

Under employers' liability policy requiring "immediate written notice" of "accident" to insurer with the fullest information obtainable, recovery could not be had where notice was not given until 17 months after accident, though it was given at the time of service of citation in employé's action for damages; such stipulation requiring reasonably early notice after the accident, not after action for injuries has been instituted.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Immediate Notice.]

5. INSURANCE ⊘═534—STIPULATION IN EMPLOYERS' LIABILITY POLICY AS TO NOTICE OF ACCIDENT TO INSURER VALID.

Stipulation in employers' liability policy requiring that immediate written notice of accident be given to insurer is not void under Rev. St. 1911, art. 5714, providing that stipulation in contract requiring notice to be given of "any claim for damages as a condition precedent to the right to sue thereon" to be reasonable, and that any stipulation fixing the time within which such notice shall be given at a less period than 90 days shall be void; such statute having no application to such stipulation as to notice of an accident.

6. STATUTES ⊘═239 — TO BE STRICTLY CONSTRUED WHEN IN DEROGATION OF COMMON-LAW RIGHT TO FREELY CONTRACT.

Rev. St. 1911, § 5714, providing that stipulation in contract requiring notice to be given of any claim for damages shall be void unless reasonable, and that any stipulation fixing time at a lesser period than 90 days shall be void, is restrictive and in derogation of the common-

law right to freely contract, and therefore is to be strictly construed.

7. PLEADING ⊘═422—FAILURE TO VERIFY ANSWER WAIVED BY FAILURE TO OBJECT TO EVIDENCE.

In action on employers' liability policy, where answer set up failure of insured to give insurer notice of the accident as required by the policy, defendant's failure to verify answer under Rev. St. 1911, art. 5714, providing that it shall be presumed that such notice has been given unless want of notice is especially pleaded under oath, was waived by plaintiff by failure to object to evidence as to such want of notice.

8. INSURANCE ⊘═612(2)—LONG DELAY IN GIVING INSURER NOTICE OF ACCIDENT TO EMPLOYÉ PRECLUDES RECOVERY ON LIABILITY POLICY.

Under employers' liability policy requiring immediate written notice of accident, failure to give insurer notice of accident until 17 months after it occurred was fatal to recovery on policy regardless of whether insurer was prejudiced by such delay; such notice within a reasonable time being a condition precedent to recovery on policy.

9. PRINCIPAL AND AGENT ⊘═177(3)—AUTHORIZED EMPLOYÉS' KNOWLEDGE OF ACCIDENT TO EMPLOYÉ IMPUTABLE TO EMPLOYER, REQUIRED TO GIVE INSURER NOTICE OF ACCIDENT UNDER EMPLOYERS' LIABILITY POLICY.

Employer's failure to give insurer "immediate written notice" of accident to employé required by employers' liability policy was fatal to recovery under policy regardless of whether employer had actual notice of accident, where his authorized servants and employés had actual knowledge thereof; such knowledge being imputable to employer.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Suit by Mrs. Elizabeth Scott and others against the Travelers' Insurance Company of Hartford, Conn. Judgment for plaintiffs, and defendant appeals. Reversed and rendered.

Thompson, Knight, Baker & Harris, of Dallas, for appellant.

Miller & Miller, of Ft. Worth, for appellees.

CONNER, C. J. This suit was instituted in the district court of Tarrant county on May 31, 1918, by the appellees, as independent executors of the will of Winfield Scott, deceased, against the appellant, to recover upon a certain policy of insurance held by Winfield Scott in his lifetime.

The plaintiffs alleged, in substance, that on October 15, 1910, the appellant company, in consideration of a premium to it then paid, executed and delivered to the deceased, Winfield Scott, its policy of insurance of that date, by the terms of which it agreed and bound itself to indemnify the said Scott in the sum of $5,000 against loss by reason of

⊘═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the liability imposed upon him by law for damages on account of personal injuries received by persons in consequence of the negligence of the said Winfield Scott, his servants, agents, and employés, in the operation of a cotton gin in the town of Itasca, Tex., from August 12, 1910, to August 12, 1911, and at its own costs to defend suits against him for such damages.

It was further alleged that on September 17, 1910, while said policy was in full force and effect, Mrs. H. T. Shine, a resident of Itasca, Tex., claimed to have received serious personal injuries in consequence of the negligence of the said Winfield Scott, now deceased, his agents, servants, and employés, in and about the operation of said gin, and thereafter, in the month of March, 1912, the said Mrs. Shine brought suit in the proper district court against appellees, as independent executors of the will of the said Winfield Scott, deceased, to recover damages on account of personal injuries; that in the month of November thereafter said suit came on for trial, and before a jury of 12 men the trial resulted in a judgment in favor of Mrs. Shine and against the appellees, in their representative capacities as independent executors, in the sum of $8,500, with interest thereon from that date until paid at the rate of 6 per cent. per annum and for costs. It was further alleged that upon appeal duly prosecuted from said judgment the judgment was affirmed, and that appellees on the 1st day of May, 1918, were compelled and did pay said judgment in favor of Mrs. Shine.

It was further alleged that due demand had been made for the payment of said policy, and prayer was for judgment for $5,000, with interest from May 1, 1918, and for $200 costs, and for $750 attorney's fees paid, and for all costs of suit.

The appellant company answered by general demurrer and general denial and specially pleaded that the policy contained, among others, the following conditions:

"(D) The assured, upon the occurrence of an accident, shall give immediate written notice thereof to the company, or to its duly authorized agent, with the fullest information obtainable. He shall give like notice with full particulars of any claim made on account of such accident. If thereafter any suit is brought against the assured, he shall immediately forward to the company every summons or other process served upon him. The assured, when requested by the company, shall aid in effecting settlements, securing evidence, the attendance of witnesses, and in prosecuting appeals. The assured shall not voluntarily assume any liability, settle any claim, or incur any expense, except at his own cost, or interfere in any negotiation for settlement or legal proceeding without the consent of the company previously given in writing."

It was further alleged that the condition quoted was material; that it was of the essence of the contract between the company and Winfield Scott, and was a condition precedent to the right of said Scott, or of his executors, to recover against defendant; that, under the policy of insurance declared upon by plaintiffs and under the condition above specified, the assured obligated himself to notify the defendant company, or some of its duly authorized agents, of the accident of which plaintiff herein complains, and upon the occurrence of an accident to give immediate notice thereof to the company or to its duly authorized agent, with the fullest information obtainable, and to give like notice, with full particulars of any claim made on account of such accident; that, notwithstanding such duty and obligation, the assured did not give the defendant company, or its duly authorized agent, immediate written notice of the accident in which Mrs. Shine was injured, or of the claim she made against Winfield Scott; that the assured did not give the defendant company any notice whatever of the accident in which Mrs. Shine was injured until March, 1912, more than 17 months after the accident, notwithstanding the fact that the defendant, his secretary, manager, agents, and employés, had notice and knowledge of the accident in which Mrs. Shine was injured and of the injuries to her, and notwithstanding they acquired such knowledge and notice shortly after such accident. It was further alleged that by reason of such failure to give the defendant notice the defendant company was denied the right and privilege:

(a) To investigate the circumstances of the accident while the matter was yet fresh in the minds of the witnesses.

(b) To settle the case promptly before plaintiff had employed attorneys or incurred expense, if after such investigation such settlement should be deemed advisable by the defendant company.

(c) To promptly investigate the facts of the case and secure and preserve testimony by which such case could be successfully defended.

(d) To investigate the facts of the case and secure and preserve testimony for future defense, while the facts and witnesses were available and accessible. In this connection defendant alleges that parties known to have witnessed said accident died between the occurrence of said accident and the notice to this defendant.

(e) To investigate the nature, character, and extent of the injuries, if any, suffered by Mrs H. T. Shine while said facts were fresh in the minds of parties familiar therewith and to preserve such testimony for the defense of said case.

Upon the trial of the case the court charged peremptorily in appellees' favor, and in obedience to such peremptory instruction verdict was returned in appellees' favor for

$5,000 with interest thereon from May 9, 1918, to date of trial at 5 per cent. per annum, aggregating $125, together with $750 attorney's fees paid by appellees, and costs paid by appellees, aggregating $124. In accordance with the verdict, judgment on the same day was rendered in appellees' favor for the sum of $5,999.60, with interest from that date at the rate of 6 per cent. per annum until paid and all costs of the suit. From the judgment so rendered, the insurance company has duly prosecuted this appeal.

The evidence shows without dispute that notice was not given to the appellant company, nor to any of its authorized agents, of the accident to Mrs. Shine which occurred in September, 1910, or of the claim made by her on account thereof until the institution of the suit by Mrs. Shine against the executors of the estate of Winfield Scott in March, 1912.

The view of the trial court upon the question was thus presented in his peremptory instruction, to wit:

"Gentlemen of the jury, the court being of the opinion that the policy herein sued upon did not require notice of the accident until a claim thereunder for damages was made, and the testimony showing without contradiction that notice of such accident was given to the defendant two days after service of citation upon plaintiffs, you are instructed that such notice was in compliance with the policy, and you will return a verdict as follows, to wit," etc.

[1-3] The charge was duly excepted to, and assignments of error and propositions thereunder here raise the only directly vital question presented in this appeal, that is: Was notice of the accident to Mrs. Shine, as provided in condition D of the policy, upon which appellees sued, necessary to the appellees' recovery? Without stopping to discuss the precise nature of such a condition, we think it must be held that, in the absence of some statutory inhibition, conditions of the kind are upheld. It is true the general rule of construction of contracts of insurance, as of other contracts, is that the conditions are to be taken most strongly against the writer of the policy; yet it is nevertheless true that a contract must be construed as a whole and be given a construction, if it can be reasonably done from the terms used and from the instrument as a whole, that will give effect to the manifest intent of the parties. The Supreme Court of the United States, in the case of Imperial Fire Ins. Co. v. County of Coos, 151 U. S. 452, 14 Sup. Ct. 379, 38 L. Ed. 231, thus declares the rule:

"Contracts of insurance are contracts of indemnity upon the terms and conditions specified in the policy or policies, embodying the agreement of the parties. For a comparatively small consideration the insurer undertakes to guaranty the insured against loss or damage upon the terms and conditions agreed upon, and upon no other, and when called upon to pay, in case of loss, the insurer therefore may justly insist upon the fulfillment of these terms. If the insured cannot bring himself within the conditions of the policy, he is not entitled to recover for the loss. The terms of the policy constitute the measure of the insurer's liability, and in order to recover the assured must show himself within those terms; and, if it appears that the contract has been terminated by the violation on the part of the assured of its conditions, then there can be no right of recovery. The compliance of the assured with the terms of the contract is a condition precedent to the right of recovery. If the assured has violated or failed to perform the conditions of the contract, and such violation or want of performance has not been waived by the insurer, then the assured cannot recover. It is immaterial to consider the reasons for the conditions or provisions on which the contract is made to terminate, or any other provision of the policy which has been accepted and agreed upon. It is enough that the parties have made certain terms conditions on which their contract shall continue or terminate. The courts may not make a contract for the parties. Their function and duty consist simply in enforcing and carrying out the one actually made."

The author of Cooley's Briefs on the Law of Insurance, vol. 2, p. 1483, after referring to the general rule that contracts of insurance are to be strictly construed in favor of the insured, further says that the principles do not—

"affect the general rule that contracts of insurance are to be construed as other contracts. All parts of the contract are to be taken together, and such meaning shall be given to them as will carry out and effectuate to the fullest extent the intention of the parties. No portion of the policy will receive such a construction as will tend to defeat the obvious general purpose of the parties entering into the contract."

This author further says on the same page:

"The courts may not make a contract for the parties. Their function and duty consist simply in enforcing and carrying out the one actually made; and though, where two constructions are permissible, the one will be followed which is most favorable to the insured, yet the contract must be construed according to the ordinary sense and meanings of the terms used. If the insured cannot bring himself within the conditions of the policy, he is not entitled to recover for the loss."

In view of these principles of construction, we wish to call attention to several other provisions of the policy sued upon. It is expressly provided that "this agreement [the policy] is subject to the following conditions." Thereupon followed conditions A, B, C, and D, hereinbefore quoted, and F. Condition F thus reads:

"(F) If the limitation of time for notice of accident or for any legal proceeding herein

contained is at variance with any specific statutory provision in relation thereto, in force in the state in which the business operations herein described are conducted, such specific statutory provision shall supersede any such condition in this contract inconsistent therewith."

The policy also has the following further indorsement:

"Red Seal: An imperative condition of this policy is that accident be reported immediately."

[4] In the light of these provisions as a whole, it cannot be fairly contended that it was not the purpose of both the assured and the insurer to require reasonably early notice to the insurance company of any accident because of which a liability for damages on Winfield Scott's part should occur. Such is undoubtedly the plain meaning of the terms used, and we do not feel at liberty to say that notice of the accident and claim made by Mrs. Shine some 17 months after the accident at the time of the institution of her suit against the executors of the estate of Winfield Scott was a compliance with the terms of the policy or a fulfillment of the intention of the parties to the contract as ruled by the trial court. The terms of condition D were that the assured upon the occurrence of an accident should give immediate written notice thereof with the fullest information obtainable; that he should also give like notice with full particulars of any claim made on account of the accident, and should also thereafter, if suit be brought against the assured, give notice thereof to the company, thus separating and making distinct each requirement. That the requirements were important and material to the company seems manifest, and appellant has cited numerous authorities upholding the validity of such provisions. Thus in the case of Hefner v. Fidelity & Casualty Co., 160 S. W. 330, by one of our own courts of Civil Appeals, it was held that:

"A delay of ten months in giving an accident insurance company notice of an accident is unreasonable per se, under a clause of the policy requiring notice to be given as soon as may be reasonably possible."

"Compliance with the requirement of an accident insurance policy that notice be given as soon as may be reasonably possible is a condition precedent to recovery under the policy."

"The fact that physicians who attended a person accidentally injured attributed his condition to disease, and not to the accident, does not excuse a failure to give the company notice of the accident as soon as reasonably possible, as required by the policy."

In the case of United States Fidelity & C. Co. v. Carmichael, 195 Mo. App. 93, 190 S. W. 648, the Court of Appeals of Missouri held that:

"A provision for notice of accidents in an employer's liability policy is of the essence of the contract, and a breach of such provision by the assured would prevent a recovery under the policy on the ground of nonperformance of a condition precedent, although the policy contains no stipulation for forfeiture."

In the case of Foster v. Fidelity & C. Co., 99 Wis. 447, 75 N. W. 69, 40 L. R. A. 833, by the Supreme Court of Wisconsin, it is said:

"The policy provides that immediate written notice must be given to the company of any accident or injury for which a claim is to be made, with full particulars thereof. This was a condition precedent to a recovery. The word 'immediately,' in this connection, means such convenient time as was reasonably necessary under the circumstances to do the thing required. * * * Where the facts are uncertain or disputed, and the inference is doubtful, the question whether timely notice was given is for the jury under proper instructions; but, where the facts are not in dispute, and the inferences are certain, it is a question of law for the court."

We will not quote from other cases, but the following decisions are to the same general effect: Phœnix Cotton Oil Co. v. Indemnity Co., 140 Tenn. 438, 205 S. W. 128; Walsh v. Church, 173 S. W. 241; Hatch v. U. S. Casualty Co., 197 Mass. 101, 83 N. E. 398, 14 L. R. A. (N. S.) 503, 125 Am. St. Rep. 332, 14 Ann. Cas. 290; Travelers' Ins. Co. v. Nax, 142 Fed. 653, 73 C. C. A. 649; Sherwood Ice Co. v. U. S. Casualty Co., 40 R. I. 268, 100 Atl. 572; Jefferson Realty Co. v. Employers' Liability Assur. Co., 149 Ky. 741, 149 S. W. 1011; Hagstrom v. Am. Fid. Co., 137 Minn. 391, 163 N. W. 670; Anoka Lumber Co. v. Fid. & C. Co., 63 Minn. 286, 65 N. W. 353, 30 L. R. A. 689; Travelers' Ins. Co. v. Myers, 62 Ohio St. 529, 57 N. E. 458, 49 L. R. A. 760; Rooney v. Maryland Casualty Co., 184 Mass. 26, 67 N. E. 882; Mining Co. v. Casualty Co., 36 Wash. 46, 78 Pac. 135, 67 L. R. A. 275; Telephone Co. v. Casualty Co., 86 Minn. 467, 90 N. W. 1110; Veneer Co. v. Accident Co., 100 Wis. 378, 75 N. W. 996; In re Coleman's Depositories, Ltd., 2 K. B. 798; Assurance Corp. v. Light & Power Co., 28 Ind. App. 437, 63 N. E. 54; Accident Co. v. Siwy, 35 Ind. App. 340, 66 N. E. 481; Myers v. Casualty Co., 123 Mo. App. 682, 101 S. W. 124; Natl. Construction Co. v. Travelers' Ins. Co., 176 Mass. 121, 57 N. E. 350; Melcher v. Ocean Accident Co., 175 App. Div. 77, 161 N. Y. Supp. 586; Mfg. Co. v. Travelers' Ins. Co., 171 Mass. 357, 50 N. E. 516; Paper Box Co. v. Life Ins. Co., 170 Mo. App. 361, 156 S. W. 740; Cal. Saving Bank v. Am. Surety Co. (C. C.) 87 Fed. 118; Fid. & Deposit Co. v. Courtney, 186 U. S. 342, 22 Sup. Ct. 833, 46 L. Ed. 1193.

We are of the opinion that the decisions from which we have quoted and those cited present the view of the great weight of authority. Indeed, appellees do not seem to controvert the views thus far expressed. They insist, however, that the clause in the contract sued upon requiring immediate writ-

ten notice of any accident to the insurance company is absolutely void by virtue of article 5714 of the Revised Statutes of Texas 1911. This article thus reads:

"No stipulation in any contract requiring notice to be given of any claim for damages as a condition precedent to the right to sue thereon shall ever be valid, unless such stipulation is reasonable; and any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void, and, when any such notice is required, the same may be given to the nearest or to any other convenient local agent of the company requiring the same; provided, that no stipulation in any contract between a person, corporation or receiver operating railroad, or street railway, or interurban railroad, and an employé or servant requiring notice of a claim by an employé of servant for damages for injury received to the person, or by a husband, wife, father, mother, child or children of a deceased employé for his or her death, caused by negligence as a condition precedent to liability, shall ever be valid. In any suit brought under this and the preceding article it shall be presumed that notice has been given, unless the want of notice is especially pleaded under oath."

[5, 6] We very gravely doubt the application of this statute to the particular question before us. It is evident that the statute is restrictive and in derogation of the common-law right to freely contract, and therefore, under well-settled rules, to be construed strictly. So construing the statute, it is to be noted that the stipulation to which the statute is directed relates to "any claim for damages," and makes no direct reference to the question of requiring notice of an "accident." It is to be further noted, as a necessary implication from the reading, that the statute recognizes the right of the parties to make such a stipulation as may be reasonable, condemning only such stipulations as may be unreasonable, and as may fix the time at which the notice shall be given at less than 90 days, and stipulations between railroads and those who may claim damages by reason of injuries to railroad employés. Appellees cite in support of their contention several cases, but an examination of those cases will, we think, show that they are distinguishable in important particulars. Here, as has already been observed, the stipulations of the contract are not in the conjunctive form, having been made distinct and separable, as in their very nature they are distinct and separable. The inducements requiring notice of the accident and the inducements prompting a requirement of notice for damage may be readily apprehended. In this connection we desire to note specially that the indemnifying contract under consideration, in the language of paragraph 1 of the policy, is "against loss by reason of the liability imposed upon him (Scott) by law for damages on account of such injuries." An-

other paragraph of the policy reads that "no action shall lie against the company to recover for any loss under paragraph 1, foregoing, unless it shall be brought by the assured for loss actually sustained and paid by him in money in satisfaction of a judgment after trial of the issue." It is thus seen that the contract does not purport to indemnify Scott against liability. As between Scott and the company there could be no claim of damages within the meaning of article 5714 of the statutes, which we quoted, upon the mere happening of the accident to Mrs. Shine. Nor would such liability on the part of the company under the policy arise upon the making of the claim for damages by Mrs. Shine against Scott. So that, as stated before, we gravely doubt whether the statute invoked has application to the particular question now before us. If not, we think it can scarcely be gainsaid that the stipulation in the contract under consideration requiring notice must be given the effect of at least requiring notice of the accident to Mrs. Shine within a reasonable time.

But if we should disregard the question of whether the statute has proper application, we yet think this case, by its circumstances, has been taken out of the statutes and is distinguishable from all other cases cited in behalf of appellees. We have quoted hereinbefore both condition D, requiring immediate notice, and condition F. By a reading of condition F it will be seen that the contract plainly contemplates that the requirement for immediate notice might be in conflict with some statutory provision on the subject, and it was therefore provided that in that event such statutory provision should "supersede" any condition in the contract inconsistent therewith. Among others, Mr. Webster gives the following definitions of the word "supersede":

"To take the place of as by reason of superior worth, appropriateness, efficiency, or right; replacing, displacing, supplanting; to put something in the place of," etc.

These definitions are in accord with definitions given in other authorities so far as we have examined them, and lead to the conclusion that, if condition D, requiring immediate notice of an accident, is in fact in conflict with the article of the statute invoked in behalf of appellees, then condition F of the indemnifying contract will have the effect of substituting the statute as to time of notice, and that, construing the contract as a whole and both conditions D and F together, it should be held that the indemnifying contract required of the assured, Winfield Scott, to give reasonable notice of the accident to Mrs. Shine, together with the fullest information obtainable within a reasonable time, or at least earlier than notice was actually given.

Appellees further insist that—

"Appellant cannot urge that notice was not given as required in the policy, because the want of notice was not specially pleaded under oath by it, and, unless such want of notice is specially pleaded under oath, it is presumed that notice is given."

Appellant fully and sufficiently pleaded, among other things, want of notice of the accident to Mrs. Shine, as provided in the policy, but did not verify the plea, and the statute already quoted and invoked by appellees (article 5714) does provide in its conclusion that—

"In any suit brought under this and the preceding article it shall be presumed that notice has been given, unless the want of notice is especially pleaded under oath."

It is not perfectly apparent that this suit was brought under either article of the statute referred to, but several similar cases have been cited and may be found to the effect that such plea, unverified, does not raise the issue. We have not been able to determine the precise circumstances of the several cases, but do note that in the case chiefly relied upon by appellees, viz. North American Accident Ins. Co. v. Miller, 193 S. W. 750, by the Court of Appeals at Amarillo, that court said on this subject:

"We regard the failure to plead under oath, want of notice, and failure to prove that no notice was in fact received raises the presumption that notice had been given as required by the policy."

[7] The effect of the conclusion thus given was merely to enable the plaintiff in the suit to avoid the necessity of affirmatively showing a compliance on his part with that condition in his policy, it appearing that the plea of want of notice was unverified, and that there was no proof of a want of notice on the part of the defendant company; in other words, neither the statute nor the decision to which we refer makes the presumption announced by the statute conclusive. The provision requiring verification is for the benefit of the plaintiff; it having been held in a line of cases which we need not stop to cite that to warrant a recovery the burden was upon the plaintiff suing upon the policy containing conditions precedent to show that he had fully complied with all of such conditions. We know of no reason, therefore, why a want of verification may not be waived by plaintiff, and in this case we think such want of verification was in fact waived. As stated, defendant fully pleaded want of notice of the accident, and no exception to the sufficiency of such plea appears to have been presented. The defendant offered full evidence of the fact, which is undisputed, that it did not receive any character of notice of the accident to Mrs. Shine until the institution of her suit about 17 months afterwards, and it does not appear that any objection whatever was made to this evidence. Under such circumstances, we think the objection that the plea was not verified comes too late. To hold otherwise, as it seems to us, is to enable a litigant to obtain an unfair advantage and to deprive his adversary of a substantial right because of a probable inadvertence and error purely formal and technical in character in no way related to the real merits of the case. It cannot be doubted, we think, that had objection been to a want of verification of the defendant's plea, such formal defect would have been immediately corrected by a proper oath. And many cases might be cited where verified pleadings are required by statute and in which a want of verification has been disregarded on the ground of its waiver. See, on the subject, Wilkinson v. Lyon, 207 S. W. 638, and cases therein cited. See, also, cases in illustration cited in note 54, p. 271 and following, of 40 Cyc.

[8] Appellees' further contention that notice of the accident "at the time of service of citation upon the appellees is a full compliance with the provisions requiring notice" cannot, we think, be sustained under the terms of the contract. As already noted, the terms of the contract were specifically and separately stated that notice was to be given not only of the accident, but also of the claim for damages and of the institution of the suit, and we do not feel at liberty to hold that a compliance with one of the conditions is a sufficient compliance with all others. Nor do we think that it can be said under the circumstances of this case that appellant's defense of a want of notice of the accident is unavailing on the ground that it does not appear that the company has suffered any loss or injury by reason of the delay. As will be found by an examination of the cases that we have already cited, many of the authorities treat stipulations of the character in question as conditions precedent to the plaintiff's right of recovery, and article 5714, already quoted, seems also to classify conditions of the kind as conditions precedent. If so, an inquiry as to whether a failure to comply with the stipulation resulted in injury is immaterial. But whether such stipulations be regarded as conditions precedent or as promissory warranties in the nature of conditions precedent, the insurer has contracted for their fulfillment, and in this case, if it was necessary to inquire whether appellant suffered injury because of the failure to receive notice of the accident to Mrs. Shine, we yet would be unable to say from the evidence that no injury followed. It was shown in the evidence that immediately after appellant received notice of the accident it instituted an inquiry. It was found, among other things, that the only eyewitness to the

accident in the employ of the company died some six months after the accident and before notice of the accident was given to appellant. It does not appear that any other witness was found with such knowledge and distinct recollection as would have tended to defeat the claim of Mrs. Shine. It would be mere speculation, therefore, to say that nothing beneficial to appellant in providing against a possible liability could have been developed by a reasonably early notice of the accident as stipulated in the policy.

[9] Nor can we adopt appellees' further and final condition that the stipulation as to notice under consideration cannot be given effect for the reason that the record fails to show that knowledge of the accident had been brought home to Winfield Scott during his lifetime, or to the executors of his estate, the appellees herein, until the institution of the suit by Mrs. Shine. It is to be observed that under the terms of the policy Winfield Scott assumed the obligation of giving immediate written notice of any accident out of which liability on the part of the company could grow, and the suit of Mrs. Shine was founded upon allegations that his servants and employés were guilty of negligence which, in the nature of things, must soon have been brought home to the knowledge of some authorized agent. Moreover, it was affirmatively shown that the bookkeeper of Winfield Scott witnessed the accident, that the manager of his gin at Itasca, where the accident occurred, learned of the accident within two weeks thereafter, and that his private secretary was advised of the accident soon after its happening. Winfield Scott lived some 13 months after the accident, and the reasonable inference is that he, in fact, learned of it, but, whether so or not, his authorized servants and employés certainly did and their knowledge must be imputed to him. It is said in 21 R. C. L. 828, § 12, that:

"In the exercise of good faith skill, and diligence, the agent is bound to keep his principal informed of all matters that may come to his knowledge concerning the principal's rights and interests."

And the same author, on page 838, § 21, says:

"The principal, according to a settled rule of law, is bound by the knowledge of the agent, or, otherwise stated, notice to the agent constitutes notice to the principal; the rule being derived from the duty of disclosure by the former to the latter of all the material facts coming to his knowledge with reference to the subject of his agency and a presumption that he has discharged that duty."

We conclude that the court not only erred in giving the peremptory instruction he did, but also erred in refusing appellant's request for a peremptory instruction in its favor, and that for such errors the judgment below must be reversed, and here rendered for appellant.

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Vernon's Ann. Civ. St. Supp. 1918, art. 5904 et seq.